GIRARDI | KEESE
THOMAS V. GIRARDI, SBN 36603
tgirardi@girardikeese.com
STEPHEN G. LARSON, SBN 145225
slarson@girardikeese.com
1126 Wilshire Boulevard
Los Angeles, California 90017
Tel: (213) 977-0211;  Fax:  (213) 481-1554

DISABILITY RIGHTS LEGAL CENTER
PAULA D. PEARLMAN, SBN 109038
paula.pearlman@lls.edu
SHAWNA L. PARKS, SBN 208301
shawna.parks@lls.edu
SURISA E. RIVERS, SBN 250868
surisa.rivers@lls.edu
919 Albany Street
Los Angeles, California 90015
Tel: (213) 736-1031;  Fax: (213) 736-1428

Attorneys for PLAINTIFFS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JOSE R. MARTINEZ; CHRISTINA BUCHANAN-MARTINEZ, <br><br> Plaintiffs, <br><br> v. <br><br> THE WALT DISNEY COMPANY, a Delaware corporation; WALT DISNEY PARKS AND RESORTS, INC., a Florida corporation;  WALT DISNEY IMAGINEERING RESEARCH & DEVELOPMENT, INC., a Delaware corporation; WALT DISNEY WORLD CO., a Florida corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | **CASE NO** SACV11-00214 JVS(RNBx) <br><br> **COMPLAINT FOR DAMAGES:** <br><br> 1. Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12181 *et seq.*); <br> 2. Unruh Civil Rights Act (California Civil Code § 51 *et seq.*); <br> 3. California Disabled Persons Act (California Civil Code § 54 *et seq.*) <br> 4. Unfair Business Practices (Business and Professions Code § 17200 *et seq.*); <br> 5. Negligence; <br> 6. Negligent Infliction of Emotional Distress; <br> 7. Strict Liability; <br> 8. Premises Liability; and <br> 9. Declaratory Relief. <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## JURISDICTION AND VENUE

1.      The claims alleged herein arise under the Americans with Disabilities Act (42 U.S.C. §§ 12131 *et seq.*) ("ADA"), among other state claims for relief, such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.  Through the same actions and omissions that form the basis of Plaintiffs' federal claims, Defendants have also violated Plaintiffs' rights under state law, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  This Court has jurisdiction over Plaintiffs' claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

2.      Venue over Plaintiffs' claims are proper in the Western Division of the Central District of California because Defendants reside in the Western Division of the Central District of California within the meaning of 28 U.S.C. § 1391 and because many of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in the Western Division of the Central District of California.

## INTRODUCTION

3.      Disneyland Amusement Park ("Disneyland") is consistently ranked the second busiest amusement park in the world, with approximately 15.9 million people visiting the Anaheim-based Park in 2009.  To the millions of visitors each year, Disneyland touts itself as the "Happiest Place on Earth."  Resting on eighty-five acres open to the public, Disneyland has eight themed "lands," including Main Street USA, Adventureland, New Orleans Square, Frontierland, Critter Country, Fantasyland, Mickey's Toontown, and Tomorrowland, with over fifty rides and attractions.

4.      Like other Disneyland visitors, Plaintiff Jose R. Martinez and his wife, Plaintiff Christina Buchanan-Martinez were thrilled to visit the Park and enjoy its world-famous attractions and most popular rides.

5.      Their earnest enthusiasm, however, quickly gave way to embarrassment, frustration, and humiliation as they learned from Disneyland employees that the vast

majority of rides and attractions were not accessible to Jose R. Martinez.  By the end of their visit, their disappointment had turned into a painful, terrifying, and life-threatening ordeal.

6.      The majority of "accessible rides" at Disneyland require the guest/wheelchair user to transfer out of his wheelchair to access the ride.  Unfortunately, Plaintiff Jose R. Martinez, who is quadriplegic, does not have the upper body strength to make this transfer.

7.      "It's A Small World" was one of the few rides accessible to Jose R. Martinez.  While attempting to enjoy "It's a Small World," the ride malfunctioned because of a computer glitch.  As a result, the ride stopped and could not be started again.  As a direct result of Disneyland's lack of policies and procedures for emergency evacuation of persons with mobility disabilities and/or inadequate training of its employees, Plaintiffs Jose R. Martinez and Christina Buchanan-Martinez were trapped on the ride for over forty minutes, causing Mr. Martinez to suffer Dysreflexia, a life-threatening medical condition which can quickly lead to a stroke and/or death if untreated, while the other non-disabled guests around them were safely evacuated.

8.      In addition, as a direct result of Disneyland's lack of policies and procedures for persons with mobility disabilities and/or the inaccessibility of its services and programs due to Disneyland's failure to remove architectural barriers in existing facilities where such removal is readily achievable, it was difficult for the Martinezes to locate any family or unisex restrooms (also known as "companion restrooms") as required by Mr. Martinez.

9.      To the Plaintiffs, instead of the "happiest" place, Disneyland was a place where they experienced discrimination and an unnecessarily life-threatening situation based on Disneyland's practices and procedures (and lack thereof) regarding emergency procedures for and evacuation of persons with mobility disabilities and the inadequate training of employees.

**PARTIES**

10.  Plaintiff Jose R. Martinez is an individual with a physical disability within the meaning of all applicable statutes, including the ADA, 42 U.S.C. § 12101 *et seq.,* and California Civil Code §§ 51 and 54 *et seq.*, and uses a motorized wheelchair for mobility. Plaintiff Jose R. Martinez is and was at all relevant times herein the husband of Plaintiff Christina Buchanan-Martinez.

11.  Plaintiff Christina Buchanan-Martinez is protected under Title III of the ADA as "an individual . . . known to have a relationship or association" with a qualified individual with a disability.  42 U.S.C. § 12182(b)(1)(E).  Plaintiff Christina Buchanan-Martinez is and was at all relevant times herein the wife of Plaintiff Jose R. Martinez.

12.  Defendant The Walt Disney Company is and was at all relevant times herein a Delaware corporation with its principal place of business located in Los Angeles County at 500 South Buena Vista Street, Burbank, CA 91521.  Defendant The Walt Disney Company owns and operates Disneyland located in Anaheim, California.

13.  Defendant Walt Disney Parks and Resorts, Inc. is and was at all relevant times herein a California corporation with its principal place of business located in Los Angeles County at 500 South Buena Vista Street, Burbank, CA 91521.  Defendant Walt Disney Parks and Resorts, Inc. also owns and operates Disneyland located in Anaheim, California.

14.  Defendant Walt Disney Imagineering Research & Development, Inc. is and was at all relevant times herein a Delaware corporation with its principal place of business located in Los Angeles County at 500 South Buena Vista Street, Burbank, CA 91521. Based upon information and belief, Plaintiffs allege that Defendant Walt Disney Imagineering Research & Development, Inc. designed, manufactured, distributed or otherwise maintained "It's A Small World" ("the Subject Ride") located at Disneyland in Anaheim, California.

15.  Defendant Walt Disney World Co. is and was at all relevant times herein a Delaware corporation with its principal place of business located in Los Angeles County at

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

500 South Buena Vista Street, Burbank, CA 91521.  Defendant Walt Disney World Co. owns and operates Disneyland located in Anaheim, California.

16.     Whenever Plaintiff refers to "Defendants," Plaintiffs are referring to Defendants The Walt Disney Company, Walt Disney Parks And Resorts, Walt Disney Imagineering Research & Development, Inc., and Walt Disney World Co.

17.     Whenever Plaintiff refers to "Disney Resorts Defendants", Plaintiffs are referring to Defendants The Walt Disney Company, Walt Disney Parks And Resorts and Walt Disney World Co.

18.     The true names and capacities of Defendants DOES 1-10 are unknown to Plaintiffs at this time.  Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.  Plaintiffs are informed and believe, and thereon allege, that each of the Defendants designated as "DOE" are legally responsible for the events and happenings alleged herein and that Plaintiffs' damages as alleged herein were proximately caused by said DOE Defendants.

19.     Whenever Plaintiffs refer to any act, deed, or conduct of "Defendants," said reference means that Defendants The Walt Disney Company, Walt Disney Parks And Resorts, Walt Disney Imagineering Research & Development, Inc., Walt Disney World Co., and DOES 1-5 collectively engaged in the act, deed, or conduct by and through one or more of its officers, directors, agents, employees or representatives who were actively engaged in the management, direction, control or transactions of Defendants The Walt Disney Company, Walt Disney Parks And Resorts, Walt Disney Imagineering Research & Development, Inc., Walt Disney World Co., and DOES 1-5's ordinary business affairs.

20.     Whenever Plaintiffs refer to any act, deed, or conduct of "Disney Resorts Defendants," said reference means that Defendants The Walt Disney Company, Walt Disney Parks And Resorts, Walt Disney World Co., and DOES 6-10 collectively engaged in the act, deed, or conduct by and through one or more of its officers, directors, agents, employees or representatives who were actively engaged in the management, direction,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

control or transactions of Defendants The Walt Disney Company, Walt Disney Parks And Resorts, Walt Disney World Co., and DOES 6-10's ordinary business affairs.

21.     Plaintiffs are informed and believe and thereon allege that at all times relevant hereto each of the Disney Resorts Defendants, including without limitation the DOE Defendants, was the agent, affiliate, officer, director, manager, principal, alter-ego and/or employee of the other Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## GENERAL ALLEGATIONS

22.     Each and every allegation set forth in each and every statement of the Complaint is hereby incorporated by reference in each and every other averment and allegation of this Complaint.

23.     Plaintiff Jose R. Martinez, who is quadriplegic, uses a motorized wheelchair for mobility.  Mr. Martinez visited Disneyland with his wife on or about November 27, 2009.

24.     The couple was excited to visit Disneyland and especially to see the Disneyland Holiday Parade.  Their enthusiasm, however, quickly gave way to embarrassment, frustration, and humiliation as they learned from Disneyland employees, only after purchasing their tickets and entering the park, that the vast majority of rides and attractions were not accessible to Jose R. Martinez.

25.     The majority of "accessible rides" at Disneyland require the guest/wheelchair user to transfer out of his wheelchair to access the ride.  Unfortunately, Plaintiff Jose R. Martinez, who is quadriplegic, does not have the upper body strength to make this transfer. As a result, the Martinezes were unable to access approximately 75% of the rides and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

attractions at Disneyland.[1]

26.     In attempting to board "Pirates of the Caribbean" ride, for example, the couple was informed that Mr. Martinez could not board unless he was able to transfer out of his wheelchair.  They were further informed that this would be the case for most of the other "accessible" rides at Disneyland.

27.     In addition, the Martinezes were surprised and upset to learn about the lack of easily identifiable family restrooms at the park, which is important for persons with mobility disabilities in light of the expectation that Disneyland guests will visit the theme park all day, endure long waiting periods to ride an attraction, and face additional delays due to the possibility of a malfunctioned ride.

28.     During the Martinezes visit to Disneyland, they experienced extreme difficulty in locating any family or unisex restrooms as required by Mr. Martinez.  Initially, in an attempt to locate a family restroom, approximately four Disneyland employees were unable to assist the Martinezes in locating a family restroom.  Moreover, there was no signage indicating the location of any family restrooms. It was not until the Martinezes requested guidance from a fifth Disneyland employee that they were able to locate a family restroom.

29.     The "It's a Small World" ride was one of the few rides accessible to Mr. Martinez.  While on this ride, however, it completely malfunctioned, causing the ride to stop, and both Mr. Martinez and his wife Christina Buchanan-Martinez were stranded just inside the last tunnel near a set of stairs.  After approximately fifteen minutes, the Martinezes watched as all of the other guests were evacuated.  However, there was no mechanism for Mr. Martinez to evacuate from the boat.

30.     The Martinezes were left stranded inside the boat for over forty minutes without constructive assistance from any emergency or medical professionals, or Disney employees.

---

[1] This percentage of rides does not include those rides, such as roller coasters, with health restrictions.

31.     Initially, a female employee approached the Martinezes; however, she was unable to assist them in exiting the ride.  With the ride's music blaring in the background, Mr. Martinez felt his blood pressure rising, explained to the female employee that he was having a panic attack, requested medical attention, and insisted that he needed to exit the ride immediately.  Unsure of what to do, the female employee left.

32.     Sometime later, a younger, male employee returned and informed the Martinezes that the ride would resume in a few minutes.  Mr. Martinez informed the male employee that it was urgent that he exit the ride, that he needed medical attention, and that he was experiencing Dysreflexia,[2] an extreme increase in blood pressure, which can lead to death if not treated.  The male employee agreed to inform medical personnel of Mr. Martinez's condition.

33.     The couple sat for an additional twenty-five to thirty minutes as Mr. Martinez's blood pressure dramatically rose, causing extreme pain and pressure in his head and severe anxiety.  This was despite the fact that other non-disabled patrons were able to exit the ride.

34.     Mr. Martinez suffered extreme emotional distress and feared that he was going to die as he remained trapped on the ride.  Mr. Martinez also felt extremely humiliated and embarrassed at having been singled out by this discriminatory treatment in Disneyland's inability to evacuate him from the ride.

35.     Mrs. Martinez did her best to keep calm, but felt powerless to do anything.  As Mr. Martinez was strapped inside the boat, he was unable to recline his chair to relieve his symptoms.  Moreover, there was no room for Mrs. Martinez to administer first aid, which could have relieved his symptoms.  As a result, Mrs. Martinez was terrified and suffered extreme emotional distress knowing all the while that her husband could die.  Mrs. Martinez also felt extremely humiliated and embarrassed at having been singled out by this

---

[2] Dysreflexia is commonly experienced by people with spinal cord injuries and can be triggered by various irritants, most commonly an overfull bladder.  Mr. Martinez describes it as "feeling like your head is going to explode."

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

discriminatory treatment in Disneyland's inability to evacuate her husband from the ride.

36.   During this time, unbeknownst to the Martinezes, no emergency personnel were dispatched despite Mr. Martinez's repeated requests for emergency medical attention and for his immediate evacuation.  Instead, the couple was left trapped in the boat by Disneyland employees who did not contact the paramedics but, instead, chose to wait until the ride's computer system rebooted to allow the Martinezes off the ride.

37.   The Martinezes were not offered any alternative route off the ride, nor did Disney employees appear aware of what they were supposed to do with respect to emergency situations related to people with disabilities. The Martinezes were presented no plan for evacuation other than to wait for the ride to start again, and were offered no alternative to have medical assistance come to them.

38.   After about forty minutes of being trapped, the ride restarted and slowly carried the Martinezes to the exit where a Disneyland nurse was waiting.

39.   Upon arrival at the ride's exit, the Martinezes were further distraught to see that no paramedics had been dispatched.  Instead, they were met by a Disneyland nurse who told Mr. Martinez to follow her to the first aid office.  This required him to travel in his wheelchair from the "It's A Small World" ride at the northern most end of Disneyland to the first aid station on Main Street while weaving through heavy crowds, causing additional pain and severe emotional distress to both Mr. and Mrs. Martinez.

40.   Once they arrived at the first aid station, the nurse checked Mr. Martinez's blood pressure and found it dangerously high, which finally caused her to call the paramedics.

41.   Based on this life threatening condition, the paramedics recommended that Mr. Martinez be taken immediately to the nearest hospital.

42.   While in the first aid station, Disneyland employees dressed as the theme park characters Mickey Mouse and Minnie Mouse came inside to entertain the couple.  Mr. and Mrs. Martinez were distraught and embarrassed by their appearance, realizing that the

Disneyland employees were either ignorant of or unconcerned about the gravity of the situation.

43.    In an effort to appease Mr. and Mrs. Martinez, a Disneyland supervisor informed them that they would be refunded the cost of their admission tickets.

44.    The Martinezes have been deterred from visiting Disneyland because of its discriminatory and dangerous policies.  However, the Martinezes fully intend to visit Disneyland once they are assured that the amusement park has adequate emergency evacuation and emergency preparedness policies and procedures for persons with mobility disabilities.

45.    As a result of the above, Disney Resorts Defendants have discriminated and continue to discriminate against the Martinezes by affording the Martinezes on the basis of Mr. Martinez's disability the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation unequal to that afforded to other individuals.  Such action is prohibited under Title III of the ADA and California disability laws to ensure that patrons with mobility disabilities fully and equally enjoy any goods, services, facilities, privileges, advantages, or accommodations of Disneyland. In addition, Disney Resorts Defendants have failed to comply with Title III of the ADA in their failure to make reasonable modifications in their policies, practices, or procedures when such modifications are necessary to afford the Martinezes the goods, services, facilities, privileges, or accommodations at Disneyland.

46.    Given the length of time of this incident and the number of Disneyland employees who were involved, it appears that the problem experienced by the Martinezes is pervasive, that no one involved knew what to do, and that there is no apparent evacuation protocol for persons with disabilities.

47.    Disneyland's failure to have policies regarding the emergency evacuation of persons with mobility disabilities is presently endangering the lives of the thousands of persons with disabilities who visit Disneyland each year.  Moreover, the lack of such

policies, procedures, and/or adequate employee training deters the Martinezes from visiting Disneyland, knowing that Mr. Martinez's life would again be threatened if a ride malfunctioned, there was a power outage, or there was an earthquake.

48.     Accordingly, Plaintiffs bring this action in order to compel Defendants to comply with their obligations to provide access to its goods and services, and otherwise not discriminate against people with disabilities.  The Plaintiffs also seek damages in addition to their attorney's fees and costs.

## FIRST CAUSE OF ACTION

### TITLE III OF THE AMERICAN WITH DISABILITIES ACT

### 42 U.S.C. §§ 12181 *et seq.*

### (By All Plaintiffs Against Disney Resorts Defendants And DOES 1-10)

49.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

50.     Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms for discrimination continue to be a "serious and pervasive social problem."  42 U.S.C. § 12101(a)(2).

51.     In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities."  42 U.S.C. § 12101(b)(1)-(2).

52.     The ADA provides, *inter alia,* that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ."  42 U.S.C. § 12182(a).

53.     Under the ADA, it is discriminatory "to subject an individual or class of

individuals on the basis of a disability . . . to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

54.    The ADA further provides that it is discriminatory "to afford an individual or class of individuals, on the basis of a disability . . . with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."  42 U.S.C. § 12182(b)(1)(A)(ii).

55.    The ADA further prohibits "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).

56.    The ADA prohibits "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities . . . ."  42 U.S.C. § 12182(b)(2)(A)(ii).

57.    Defendants' acts and omissions alleged herein are in violation of the ADA, 42 U.S.C. sections 12181 *et seq.*; and the regulations promulgated thereunder.

58.    Defendant The Walt Disney Company owns and operates a place of public accommodation, Disneyland, which is covered by Title III of the ADA.  42 U.S.C. § 12181(7)(I).

59.    Defendant Walt Disney Parks And Resorts, Inc. owns and operates a place of public accommodation, Disneyland, which is covered by Title III of the ADA.  42 U.S.C. § 12181(7)(I).

60.    Defendant Walt Disney World Co. owns and operates a place of public accommodation, Disneyland, which is covered by Title III of the ADA.  42 U.S.C. § 12181(7)(I).

61.    Plaintiff Jose R. Martinez is a person with a mobility disability and, thus, is specifically protected under the ADA.  42 U.S.C. § 12102(2); and 28 C.F.R. § 36.104.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

62.     Plaintiff Christina Buchanan-Martinez is a person "known to have a relationship or association" with a qualified individual with a disability and, thus, is specifically protected under the ADA.  42 U.S.C. § 12182(b)(1)(E).

63.     Disney Resorts Defendants' conduct constitutes multiple ongoing and continuous violations of the ADA, and unless restrained from doing so, Disney Resorts Defendants will continue to violate said law.  Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiffs have no adequate remedy at law.  Consequently, Plaintiffs are entitled to injunctive relief.   42 U.S.C. § 12188.

64.     Plaintiffs are also entitled to reasonable attorneys' fees and costs pursuant to the ADA.  42 U.S.C. § 12205.

## SECOND CAUSE OF ACTION
### UNRUH CIVIL RIGHTS ACT
### California Civil Code §§ 51 *et seq.*
**(By Plaintiff Jose R. Martinez Against Disney Resorts Defendants And DOES 1-10)**

65.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

66.     California's Unruh Civil Rights Act prohibits discrimination against individuals with disabilities and also prohibits discrimination based on a person's disability.  Section 51 of the California Civil Code provides, in relevant part:

> All persons within the jurisdiction of this state are free and equal,
> and no matter what their . . . disability . . . are entitled to the full
> and equal accommodations, advantages, facilities, privileges, or
> services in all business establishments of every kind whatsoever.
> Cal. Civ. Code § 51(b).

67.     The Unruh Act provides that "[a] violation of the right of any individual under the Americans with Disabilities Act . . . shall also constitute a violation of this section." Cal. Civ. Code § 51(f).

68.     As set forth above, Disney Resorts Defendants discriminated against Plaintiff Jose R. Martinez based on his disability by instituting policies that discriminate against people with mobility disabilities.

69.     Disney Resorts Defendants' actions constitute a violation of, among other laws, the Americans with Disabilities Act.

70.     Plaintiff Jose R. Martinez's mobility disability limits a major life activity; thus, he is protected under the Unruh Civil Rights Act.  Cal. Civ. Code § 51(e)(1); Cal. Gov't. Code §12926(k).

71.     Disneyland is a business establishment regulated by the Unruh Civil Rights Act. Cal. Civ. Code § 51(b).

72.     As a direct and proximate result of Disney Resorts Defendants' conduct, Plaintiff Jose R. Martinez has suffered damages.

73.     As such, the named Plaintiff Jose R. Martinez is entitled to general and special damages *and* any amount that may be determined by a jury, or a court sitting without a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) for each and every offense. Cal. Civ. Code § 52(a), (e). Plaintiff Jose R. Martinez is also entitled to his attorneys' fees. Cal. Civ. Code § 52(a)(3).

74.     Plaintiff Jose R. Martinez is also entitled to declaratory and injunctive relief and attorneys' fees.  Cal. Civ. Code § 52.1(b).

## THIRD CAUSE OF ACTION

### Violation of California Civil Code § 54

**(By Plaintiff Jose R. Martinez Against Disney Resorts Defendants And DOES 1-10)**

75.     Jose Martinez incorporates by reference each and every allegation contained in the foregoing paragraphs.

76.     California Civil Code § 54.1(a) provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other as other members of the general public, to

accommodations, advantages, facilities, medical facilities, including . . . transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement, or resort,"

77.     Plaintiff, Jose R. Martinez is a person with disabilities within the meaning of California Civil Code § 54(b)(1) and California Government Code § 12926.

78.     Defendants provide public services within the meaning of § 54 et seq.

79.     By failing to provide reasonable and equal accommodations to Plaintiff in light of, and based upon, Plaintiff's disabilities, Defendants have deprived Plaintiff of his right to have full and free use of public services, and therefore violate California Civil Code § 54.

80.     Under California Civil Code § 54(c), a violation of the ADA also constitutes a violation of California Civil Code § 54 et seq.

81.     For all the reasons outlined above, Defendants violated the rights of Plaintiff under the Americans with Disabilities Act, and therefore violated California Code § 54.

82.     As a direct and proximate result of the aforementioned acts, Plaintiff has suffered and continues to suffer humiliation, hardship, anxiety and indignity.

83.     Under California Civil Code § 54 *et. seq.,* Plaintiff is entitled to injunctive relief, and attorneys' fees and costs.

84.     Plaintiff also seeks an award of damages. Plaintiffs are entitled to damages, including, but not limited to, statutory damages in an amount up to a maximum of three times the amount of her actual damages.  Cal. Civ. Code § 54.3.

## FOURTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICE

### Business and Professions Code § 17200

### (By All Plaintiffs Against Disney Resorts Defendants And DOES 1-10)

85.     Plaintiffs incorporate by reference each and every allegation contained in the

foregoing paragraphs.

86.     Defendants' conduct, as alleged, is part of a general business practice by Defendants.  Defendants have made a considered decision to promote patronage at the expense of Defendants' legal obligations to patrons with mobility disabilities and their associates.

87.     Defendants' policies and practices constitute an unfair, fraudulent, and deceitful business practice within the meaning of California Business and Professions Code sections 17200 *et seq.*, in that, *inter alia*, Defendants' appeal to, advertise to, and purport to serve all people, including persons with mobility disabilities, yet Defendants' policies are illegal, discriminatory, and in violation of public policy.

88.     Plaintiffs have suffered injury as a result of Defendants' unfair and illegal business policy, including, but not limited to, of selling admission tickets to Plaintiff Jose R. Martinez at the same cost to which other patrons are subject without sufficient notice that due to his disability and inability to transfer out of his wheelchair, Mr. Martinez would be denied access to at least 75% of Disneyland's amusement rides without any health restrictions.

89.     Plaintiffs have suffered injury as a result of Defendants' unfair and illegal business policy, including, but not limited to, of unlawfully discriminating against Plaintiffs by putting them at substantially higher risks as guests at Disneyland because of Disneyland's lack of emergency evacuation procedures and/or training of employees for person with mobility disabilities.

90.     Plaintiffs have also suffered injury as a result of Defendants' unfair and illegal business policy relating to family restrooms as required by Mr. Martinez.  The lack of easily identifiable family restrooms within Disneyland demonstrates Defendants' unfair and illegal business policy in light of the expectation that Disneyland guests are to visit the theme park all day, endure long waiting periods to ride an attraction, and face additional delays due to the possibility of a malfunctioned ride.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

91.     Based on the foregoing, Plaintiffs seek injunctive relief to remedy the unfair business practices described herein.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE

### (By All Plaintiffs Against Defendants And DOES 1-10)

92.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

93.     All Plaintiffs were customers who paid to use Defendants' premises, facilities, and transportation.  Thus, Defendants owed Plaintiffs a duty of care as an invitee because Defendants owned, possessed, maintained, operated, supervised, managed, and controlled Disneyland in such a manner as to cause or permit that area to be in a dangerous, unsafe and hazardous condition for people with mobility disabilities, thereby causing Plaintiffs injuries.

94.     That at said time and place, Defendants so negligently lacked sufficient and effective policies and procedures regarding the emergency evacuation of persons with mobility disabilities and/or adequate employee training.

95.     Defendants' breached their duties of care by at least the following actions, failures, and omissions:

- Operating and permitting the operation of amusement park attractions, including but not limited to the "It's A Small World" ride, even though it lacked the proper practices and procedures regarding emergency evacuation of persons with mobility disabilities;
- Failing to adequately train agents of Defendant as to proper emergency procedures of persons with mobility disabilities in order to ensure swift and efficient assistance in the event of a catastrophe such as this;
- Operating and permitting the operation of amusement park attractions, including but not limited to the "It's A Small World" ride, without

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

adequate warnings or cautions of the potential dangers to persons with mobility disabilities.

- Failing to implement policies and procedures to allow patrons who may need assistance in the restroom from a family member of the opposite sex, to have meaningful access to unisex bathrooms within Disneyland.

96.  As a direct and proximate result of Defendants' breach of their duties of care, Plaintiffs sustained severe, permanent and disabling injuries, physical pain, and significant emotional suffering.

97.  That as a proximate result of the negligence of Defendants, Plaintiff Jose R. Martinez was forced to incur expenses for medical care and treatment for himself.  Also, Plaintiff Jose R. Martinez is informed and believes, and therefore alleges, that he will incur such further expenses in the future, all to his damage in a sum not at this time ascertained; and, leave of court will be asked to insert this figure at the time of trial.

## SIXTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (By All Plaintiffs Against Defendants And DOES 1-10)

98.  Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

99.  Defendants were negligent as more particularly described hereinabove, including but not limited to Defendants' policies, procedures, training of employees and proper warnings, etc.

100.  Defendants' negligence is exemplified by Plaintiffs' experience on the "It's A Small World" ride at Disneyland, which was a cause of severe injury to Plaintiffs.

101.  Plaintiff Christina Buchanan-Martinez is the wife of the victim, Plaintiff Jose R. Martinez.

102.  Plaintiff Christina Buchanan-Martinez was present at the scene of the "It's A Small World" ride, on November 27, 2009, at the moment her husband experienced

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Dysreflexia, triggering an extreme increase in blood pressure, which can lead to death if not treated.

103.   Plaintiff Christina Buchanan-Martinez was terrified, shocked, and troubled as she was stranded on the "It's A Small World" ride with her husband for over forty minutes without the assistance from any emergency or medical professionals.  Unable to relieve her husband's symptoms, Plaintiff Christina Buchanan-Martinez suffered extreme emotional distress, knowing that her husband could die.

104.   While trapped on the "It's A Small World" ride, Plaintiff Jose R. Martinez suffered extreme emotional distress, fearing that he was going to die.

105.   Plaintiffs felt humiliated and embarrassed at having been singled out by this discriminatory treatment in Disneyland's inability to evacuate Plaintiff Jose R. Martinez from the ride, as other riders were safely evacuated.

106.   Furthermore, upon Plaintiffs' arrival at the ride's exit, no paramedics had been dispatched to assist Plaintiffs.  Instead, a Disneyland nurse told Plaintiffs to follow her to the first aid office, which required Plaintiff Jose R. Martinez to travel in his wheelchair from the "It's A Small World" ride at the northern most end of Disneyland to the first aid station on Main Street.  Plaintiff Jose R. Martinez had to weave through heavy crowds, causing him additional pain and severe emotional distress to both Plaintiffs.

107.   Plaintiffs are informed and believe, and based thereon allege, that they continue to incur various losses and expenses, the exact nature and amount of which Plaintiffs do not know at this time.  Plaintiffs will amend this Complaint to state such amounts when the same have become known to Plaintiffs or will offer proof thereof at the time of trial.

## SEVENTH CAUSE OF ACTION
## STRICT LIABILITY
### (By All Plaintiffs Against Defendants And DOES 1-10)

108.   Plaintiffs incorporate by reference each and every allegation contained in the

foregoing paragraphs.

109.   Plaintiffs are informed and believe, and upon that basis allege, that Defendants at all times herein mentioned were engaged in the business of manufacturing, designing, owning, and operating amusement park attractions, including but not limited to the "It's A Small World" ride, for which visitors of Disneyland with mobility disabilities could purchase an admission ticket and ride.  Further, at the time of manufacturing, designing, owning, and operating amusement park attractions, including but not limited to the "It's A Small World" ride, Defendants knew and absolutely intended that the attractions accommodating persons with mobility disabilities would be used by Plaintiff in such a manner that he would be ignorant of the unreasonably dangerous nature of the ride due to the lack of practices and procedures regarding emergency evacuation of persons with mobility disabilities, to the inadequate training of employees, and to the inaccessibility of its services and programs due to Defendants failure to remove architectural barriers in existing facilities where such removal is readily achievable.

110.   Plaintiffs are informed and believe, and upon that basis allege, that the amusement park attractions, including but not limited to the "It's A Small World" ride and its subject components, at the time it was manufactured, designed, owned, and operated by Defendant was defective, hazardous, and unsafe for the purpose to accommodate persons with mobility disabilities without serious, immediate, absolute, and cumulative injury.

111.   Plaintiffs are informed and believe, and upon that basis allege, that Defendants knew and intended that the amusement park attractions, including but not limited to the "It's A Small World" ride, would be used by Plaintiffs without Plaintiffs having scrutinized it for effective practices and procedures regarding emergency evacuation of persons with mobility disabilities, for adequate training of employees, and for the removal of architectural barriers in existing facilities where such removal is readily achievable.

112.   Plaintiffs are informed and believe, and upon that basis allege, that as a direct

and proximate result of Defendants' ineffective practices and procedures regarding emergency evacuation of persons with mobility disabilities, of Defendants' inadequate training of employees, and of Defendants' failure to remove architectural barriers in existing facilities where such removal is readily achievable, Plaintiff Jose R. Martinez was stranded inside the boat at the "It's A Small World" ride for over forty minutes without the assistance from any emergency or medical professionals.  In result, Plaintiff Jose R. Martinez experienced Dysreflexia, triggering an extreme increase in blood pressure, which can lead to death if not treated.

113.   As a proximate result of the hereinabove and hereinafter alleged acts, omissions, and conduct of Defendants, Plaintiffs have incurred various expenses and losses, which would not have otherwise been incurred.  Plaintiffs are informed and believe, and based thereon allege, that Plaintiffs will continue to incur various losses and expenses, the exact nature and amount of which Plaintiffs do not know at this time.  Plaintiffs will amend this Complaint to state such amounts when the same become known to Plaintiffs or will offer proof at the time of trial.

## EIGHTH CAUSE OF ACTION

### PREMISES LIABILITY

### (By All Plaintiffs Against Defendants And DOES 1-10)

114.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

115.   "THIS PROPERTY" refers to Disneyland where this incident occurred and, particularly, the "It's A Small World" ride.

116.   At all times herein mentioned, Defendants were the Owners and Operators of THIS PROPERTY.

117.   At all times herein mentioned, Defendants were the Lessor of THIS PROPERTY.

118.   At all times herein mentioned, the persons acting as the Managers and

Maintainers of THIS PROPERTY were doing so with the knowledge, permission, and consent of Defendants.

119.   At all times herein mentioned, the persons acting as the Managers, Maintainers, and Lessors of THIS PROPERTY were the agent, servant, and employee of and acting within the course and scope of said agency and employed by Defendants.

120.   At said time and place, Defendants proximately caused damages to said Plaintiffs by negligently, wantonly, recklessly, tortiously, and unlawfully:

- Entrusting, permitting, managing, maintaining, servicing, repairing, inspecting, testing, controlling and operating THIS PROPERTY;

- Designing, constructing and owning THIS PROPERTY;

- Instructing others regarding THIS PROPERTY and its use, maintenance, care and operation;

- Failing to warn, instruct, advice, protect and guard users regarding THIS PROPERTY; and,

- Conducting themselves with reference to THIS PROPERTY and to Plaintiffs, so as to cause THIS PROPERTY to be in a dangerous, defective, hazardous, and unsafe condition and to proximately cause damages to Plaintiffs while they were riding on the "It's A Small World" ride.

121.   As a proximate result thereof this Plaintiffs have had and in the future will have pain, suffering, worry, and anxiety, all to Plaintiffs' general damages in an amount according to proof.

## NINTH CAUSE OF ACTION
### DECLARATORY RELIEF
### (By All Plaintiffs Against Disney Resorts Defendants And DOES 1-10)

122.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

123.   Plaintiffs are informed and believe, and therefore contend, that Defendants

22

deny that Defendants failed to comply with applicable law prohibiting discrimination against persons with mobility disabilities and are in violation of various civil rights statutes and the California Business and Professions Code.

124.   In addition, Plaintiffs are informed and believe, and therefore contend, that Defendants deny that its practice and policies regarding the accessibility of rides and attractions and its policies and procedures regarding the emergency evacuation of persons with disabilities policies, or lack thereof, are in violation of public policy.

125.   A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.   Declaring that Defendants violated Title III of the ADA and its implementing regulations, the Unruh Civil Rights Act, and the California Disabled Persons Act by failing to provide full and equal enjoyment of their goods and services to Plaintiffs;

2.   Declaring that Defendants violated Business and Professions Code Section 17200 by engaging in unfair business practices;

3.   Granting a permanent injunction directing Defendants to alter their policies, practices and procedures, including employee training, to ensure that it affords full and equal enjoyment of its goods and services for people with disabilities, including Plaintiffs, as required by the ADA, the Unruh Civil Rights Act, and Business and Professions Code Section 17200, including, but not limited to ensuring appropriate policies and procedures regarding emergency situations and evacuation for persons with disabilities;

4.   Granting a permanent injunction:

- Ordering that Defendants retain a neutral outside expert to review their emergency plans and develop necessary policies and procedures to ensure that such emergency plans address the needs of people with mobility disabilities;

- Ordering that Defendants implement policies and procedures to allow patrons

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

who may need assistance in the restroom from a family member of the opposite sex, to have meaningful access to unisex bathrooms throughout the Disneyland theme park;

- Ordering that Defendants, with the assistance of a neutral outside expert, implement a certification process to properly train Disneyland personnel, with regards to the emergency evacuation of individuals with mobility disabilities as to any and all areas within the Disneyland theme park;

- Ordering that Defendants, with the assistance of a neutral outside expert, implement a disability sensitivity training program for all Disneyland officers and staff, including but not limited to Defendants' general claims personnel and disability claims personnel, Defendants' medical response team, Defendants' Disney character employees, and Defendants' ride/attraction operators and employees;

5.  Awarding Plaintiffs compensatory damages in an amount according to proof;

6.  Awarding Plaintiff Jose R. Martinez such additional amounts as may be determined at trial, up to a maximum of three times the amount of actual damages, but in no case less than four thousand dollars ($4,000) for each violation of California Civil Code section 51, as provided by California Civil Code section 52;

7.  Awarding Plaintiff Jose R. Martinez such additional amounts as may be determined at trial, up to a maximum of three times the amount of actual damages, but in no case less than one thousand dollars ($1,000) for each violation of California Civil Code section 54, as provided by California Civil Code section 54.3(a);

8.  Awarding Plaintiffs exemplary and punitive damages in an amount sufficient to punish and set an example;

9.  Awarding Plaintiffs' attorneys' fees and all costs incurred by bringing this action under all applicable laws; and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10. Granting such other relief as the Court deems just and fair.

DATED: February 7, 2011                    Respectfully Submitted,


GIRARDI | KEESE


By _____

THOMAS V. GIRARDI
STEPHEN G. LARSON
Attorney for PLAINTIFFS


DISABILITY RIGHTS LEGAL CENTER


By _____

SURISA E. RIVERS
SHAWNA L. PARKS
PAULA D. PEARLMAN
Attorney for PLAINTIFFS

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

## DEMAND FOR JURY TRIAL

2

3          Plaintiffs hereby demand a jury trial.

4

5  Dated:  February 7, 2011                    GIRARDI | KEESE

6

7                                     By   _____

8                                          THOMAS V. GIRARDI
                                           STEPHEN G. LARSON
9                                          Attorney for PLAINTIFFS

10

11                                    DISABILITY RIGHTS LEGAL CENTER

12

13                                    By   _____

14                                          SURISA E. RIVERS
                                            SHAWNA L. PARKS
15                                          PAULA D. PEARLMAN
                                            Attorney for PLAINTIFFS

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>MARTINEZ, JOSE R.; BUCHANAN-MARTINEZ, CHRISTINA | **DEFENDANTS**<br>THE WALT DISNEY COMPANY, a Delaware corporation; WALT DISNEY PARKS AND RESORTS, INC., a Florida corporation;<br><br>(see attachment) |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Thomas V. Girardi<br>GIRARDI \| KEESE, 1126 Wilshire Blvd., Los Angeles, CA 90017<br>213-977-0211    (see attached for additional attorney information) | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes    ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** Per Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12181 et seq.)    (see attached for additional information)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | IMMIGRATION | ☑ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**SACV11-00214**

| | |
|---|---|
| **FOR OFFICE USE ONLY:**   Case Number: | |

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  February 7, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT TO CIVIL COVER SHEET

ADDITIONAL DEFENDANTS

WALT DISNEY IMAGINEERING RESEARCH & DEVELOPMENT, INC. a
Delaware corporation; WALT DISNEY WORLD CO., a Florida corporation; and
DOES 1 through 10, inclusive,

ADDITIONAL ATTORNEY INFORMATION:

Stephen G. Larson, SBN 145225
slarson@girardikeese.com
GIRARDI | KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017
Tel: (213) 977-0211
Fax: (213) 481-1554

Paula D. Pearlman, SBN 109038
paula.pearlman@lls.edu
Shawna L. Parks, SBN 208301
shawna.parks@lls.edu
Surisa E. Rivers, SBN 250868
surisa.rivers@lls.edu
DISABILITY RIGHTS LEGAL CENTER
919 Albany Street
Los Angeles, California 90015
Tel: (213) 736-1031
Fax: (213) 736-1428

ADDITIONAL CAUSES OF ACTION

Unruh Civil Rights Act (Cal. Civil Code §51 *et seq*.);  California Disabled Persons
Act (Cal. Civil Code §54 *et seq*.);  Unfair Business Practices (Business and
Professions Code § 17200 *et seq*.);  Negligence;  Negligent Infliction of Emotional
Distress;  Strict Liability;  Premises Liability; and Declaratory Relief

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV11- 214 JVS (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Thomas V. Girardi, SBN 36603
tgirardi@girardikeese.com
GIRARDI | KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017
Tel: 213-977-0211   (see attached for add'l atty info)

*FOR OFFICE USE ONLY*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. MARTINEZ; CHRISTINA BUCHANAN-MARTINEZ, <br><br> PLAINTIFF(S) <br><br> v. <br><br> THE WALT DISNEY COMPANY, a Delaware corporation; <br> (see attached for additional defendants) <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **SACV11-00214   JVS (RNBx)** <br><br> **SUMMONS** |

TO:   DEFENDANT(S): The Walt Disney Company, a Delaware corporation;
         (see attached for additional defendants)

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,   Surisa E. Rivers   , whose address is Disability Rights Legal Center, 919 Albany Street, Los Angeles, CA 90015   . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   FEB - 7 2011

By: _____

CHRISTOPHER POWERS

Deputy Clerk

(Seal of the Court)

1181

*FOR OFFICE USE ONLY*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# ATTACHMENT TO SUMMONS

## ADDITIONAL ATTORNEY INFORMATION:

Stephen G. Larson, SBN 145225
slarson@girardikeese.com
GIRARDI | KEESE
1126 Wilshire Boulevard
Los Angeles, California 90017
Tel: (213) 977-0211
Fax: (213) 481-1554

Paula D. Pearlman, SBN 109038
paula.pearlman@lls.edu
Shawna L. Parks, SBN 208301
shawna.parks@lls.edu
Surisa E. Rivers, SBN 250868
surisa.rivers@lls.edu
DISABILITY RIGHTS LEGAL CENTER
919 Albany Street
Los Angeles, California 90015
Tel: (213) 736-1031
Fax: (213) 736-1428

## ADDITIONAL DEFENDANTS

WALT DISNEY PARKS AND RESORTS, INC., a Florida corporation; WALT
DISNEY IMAGINEERING RESEARCH & DEVELOPMENT, INC. a Delaware
corporation; WALT DISNEY WORLD CO., a Florida corporation; and DOES 1
through 10, inclusive,