UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOSE R. MARTINEZ; CHRISTINA BUCHANAN-MARTINEZ, | No. SACV11-00214 JVS (RNBx) |
| Plaintiffs, | ~~[PROPOSED]~~ **REVISED STIPULATED PROTECTIVE ORDER GOVERNING USE AND DISCLOSURE OF CONFIDENTIAL AND PROPRIETARY INFORMATION, PER FED. R. CIV. P. 26(c)(1)** |
| vs. | |
| THE WALT DISNEY COMPANY, a Delaware corporation, et al., | |
| Defendants. | Judge:        Hon. James V. Selna |
| | Magistrate:  Hon. Robert N. Block |

## 1. PURPOSES AND LIMITATIONS

At least some of the documents and information ("materials") being sought through discovery in the above-captioned action may be proprietary, trade secret, or other confidential information, as is contemplated by Federal Rule of Civil Procedure 26(c) for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Court hereby enters the following Stipulated Protective Order ("Order") in this action. The purpose of this Order is to protect the confidentiality of such materials as much as practicable during the litigation. This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

Additionally, as set forth in Paragraph 6.5 below, this Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS

2.1  The term "Challenging Party" shall mean a Party that challenges the designation of information or items under this Order.

2.2  The term "CONFIDENTIAL" Information or items shall mean and include information contained or disclosed in any materials, regardless of how generated, stored, or maintained, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, transcripts of depositions, testimony from previous trials, and trial transcripts from previous trials, including data, summaries, and compilations derived therefrom, that qualify for protection under Federal Rule

of Civil Procedure 26(c); provided, however, that testimony from previous trials and trial transcripts from previous trials shall not be deemed "CONFIDENTIAL" if such trial testimony is already a matter of public record.

2.3     The term "Counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms of Pillsbury Winthrop Shaw Pittman LLP, Girardi Keese, and the Disability Rights Legal Center.

2.4     The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Protected Material," as defined herein.

2.5     The term "Disclosure" or "Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     The term "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.7     The term "In-House Counsel" shall mean in-house Counsel for the Parties, including parent corporations and subsidiaries and other affiliated companies of the Parties, including their administrative staff (e.g., paralegals and secretaries) assigned to and necessary to assist Counsel in the preparation or trial of this action.

2.8     The term "Materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; minutes; letters; statements; cancelled checks; contracts; invoices; drafts;

books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

2.9    The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   The term "Party" shall mean any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and outside counsel of record (and their support staff).

2.11   The term "Producing Party" shall mean a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   The term "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   The term "Protected Material" shall mean any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL'S EYES ONLY."

2.14   The term "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations

of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order to do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

### 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

5.2 Mass, indiscriminate, or routinized designations are prohibited.

5.3 If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that

Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.4 <u>Manner and Timing of Designations</u>. Each Party or Non-Party to this litigation that produces or discloses any Discovery Materials that the Producing Party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL'S EYES ONLY."

      a.    Designation as "CONFIDENTIAL": Any Party or Non-Party may designate information as "CONFIDENTIAL" if, in the good faith belief of such Party and its Counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such Party and qualifies for protection under Federal Rule of Civil Procedure 26(c). In addition, documents, deposition testimony, or other Material concerning Plaintiffs' medical or mental health treatment or records may also be designated as "CONFIDENTIAL."

      b.    Designation as "HIGHLY CONFIDENTIAL - FOR COUNSEL'S EYES ONLY": Any Party or Non-Party may designate information as "HIGHLY CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" if, in the good faith belief of such Producing Party and its Counsel, the information qualifies for protection under Federal Rule of Civil Procedure 26(c) or the Uniform Trade Secrets Act, thereby rendering said information so commercially sensitive that disclosure of such information to anyone other than Counsel could potentially be prejudicial to the Producing Party.

601439443v9

5.5    The designation of information as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" shall be made by affixing a legend to each page thereof indicating that information contained within or disclosed on the page of the document is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL'S EYES ONLY," as the case may be.

5.6    In the event the Producing Party elects to produce Materials for inspection, the Producing Party need not designate them for protection until after the inspecting Party has indicated which Material it would like copied and produced. For purposes of the initial inspection, all Materials produced shall be considered as "HIGHLY CONFIDENTIAL – FOR COUNSEL'S EYES ONLY," and shall be treated as such pursuant to the terms of this Order. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Thereafter, the Producing Party shall, within a reasonable time prior to producing those Materials to the Receiving Party, mark the copies of those Materials that contain Protected Material with the appropriate confidentiality marking.

5.7    Whenever a deposition taken on behalf of any Party involves a disclosure of Protected Material of any Party:

a.    Said deposition or portions thereof shall be designated as containing Protected Material subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a Party may designate portions of depositions as containing Protected Material after transcription of the proceedings; a Party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other Party or Parties to the action of the

portions of the transcript designated "CONFIDENTIAL"
or "HIGHLY CONFIDENTIAL - FOR COUNSEL'S
EYES ONLY;"

b.    The Producing Party shall have the right to exclude from
attendance at said deposition, during such time as the
Protected Material is to be disclosed, any person other than
the deponent, Counsel (including their staff and associates),
the court reporter, and the person(s) agreed upon pursuant
to Paragraph 6.3 below; and

c.    The originals of said deposition transcripts and all copies
thereof shall bear the legend "CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL - FOR COUNSEL'S EYES
ONLY," as appropriate, and the original or any copy
ultimately presented to a court for filing shall not be filed
unless it can be accomplished under seal, identified as
being subject to this Order, and protected from being
opened except by order of this Court.  Filing deposition
transcripts under seal with the Court, however, does not
affect how Protected Material is treated at trial.
Specifically, deposition testimony offered in lieu of trial
testimony need not necessarily be sealed simply because
the deposition transcript was filed under seal.  Rather, it is
up to the discretion of the Court how Protected Material is
treated at trial.  <u>See</u> Paragraph 8.5.

6.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

6.1    All Protected Material designated as "CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" shall not be
disclosed by the Receiving Party to anyone other than those persons

designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

6.2    Information designated "HIGHLY CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" may be viewed only by Counsel (as defined in Paragraph 2.3) of the Receiving Party, In-House Counsel (as defined in Paragraph 2.7), and independent Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A). The Court and court personnel are excluded from the requirement of having to sign the "Acknowledgement and Agreement to be Bound by Protective Order" (Exhibit A).  The right of any independent Expert to receive any Protected Material shall be subject to the advance approval of such Expert by the Producing Party or by permission of the Court.  The Party seeking approval of an independent expert shall provide the Producing Party with the name and curriculum vitae of the proposed independent Expert, and an executed copy of the form attached hereto as Exhibit A, in advance of providing any Protected Material of the Producing Party to the Expert.  Any objection by the Producing Party to an independent Expert's receiving Protected Material must be made in writing within fourteen (14) days following receipt of the identification of the proposed Expert.  Protected Material may be disclosed to an independent Expert if the fourteen (14) day period has passed and no objection has been made.  The approval of independent Experts shall not be unreasonably withheld, conditioned or delayed.  The Parties acknowledge that such objections will only be raised based on a good faith belief that disclosure of Protected Material to the

independent Expert at issue may cause competitive harm to the Producing Party.

   6.3   Information designated "CONFIDENTIAL" may be viewed only by Counsel (as defined in Paragraph 2.3) of the Receiving Party, In-House Counsel (as defined in Paragraph 2.7), independent Experts (pursuant to the terms of Paragraph 6.2), and by the additional individuals listed below:

   a.   Individual Parties to this action, who have read this Order in advance of disclosure, and who have signed the "Acknowledgement and Agreement to be Bound by Protective Order" (Exhibit A);

   b.   Executives who are required to participate in policy decisions with reference to this action, who have read this Order in advance of disclosure, and who have signed the "Acknowledgement and Agreement to be Bound by Protective Order" (Exhibit A);

   c.   Technical personnel of the Parties with whom Counsel for the Parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action, who have read this Order in advance of disclosure, and who have signed the "Acknowledgement and Agreement to be Bound by Protective Order" (Exhibit A);

   d.   The Court and its supporting personnel;

   e.   Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

f.    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

g.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h.    Anyone so authorized by prior written consent of the Party designating the Material as Protected Material; and

i.    Stenographic and clerical employees associated with the individuals identified above.

6.4    All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" by the Producing Party, and any and all reproductions thereof, shall be retained in the custody of the Counsel for the Receiving Party identified in Paragraph 2.3, except that In-House Counsel and independent Experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

6.5    In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL'S EYES ONLY," the proposed filing shall be accompanied by an

application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

### 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    Nothing in this Order shall be construed in any manner as an admission or concession by any Party that the information designated hereunder is, in fact, confidential, proprietary, trade secret, medical, or otherwise protectable.

7.2    <u>Timing of Challenges</u>.  At any stage of these proceedings, any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.3    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing a written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Paragraph of this Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue: other forms of communication are not sufficient) within ten (10) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the

designated Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the Designating Party refuses to engage in the meet and confer process described herein in a timely manner, then any sought-after confidentiality designation will be considered withdrawn. If the Challenging Party refuses to engage in the meet and confer process described herein in a timely manner, then the challenge to the confidentiality designation will be considered withdrawn and such designation shall not be subject to further challenge by the Challenging Party.

7.4 <u>Judicial Intervention</u>. If the matter remains unresolved despite the meet and confer process described in Paragraph 7.3 above, then the Designating Party shall proceed to prepare the initial draft of the joint stipulation pursuant to Local Rule 37-2 to be submitted to the Court. The Designating Party and the Challenging Party will further comply with Civil Local Rules 37-2, 37-3 and 79-5 where applicable. The Party wishing to maintain the confidentiality of such information shall bear the substantive burden of establishing the protected status of the information to the Court. If the Designating Party fails to provide the Challenging Party with its portion of the joint stipulation within seven (7) business days following completion of the meet and confer, unless a different time period is agreed to, the designation made by the Producing Party shall be considered withdrawn. If the Challenging Party fails to provide the Designating Party with its portion of the joint stipulation within seven (7) days following receipt of the Designating Party's portion of the joint stipulation, unless a different time period is agreed to, the challenge to the confidentiality designation at issue shall be considered withdrawn and such designation shall not be subject to further challenge by the Challenging Party. If a timely dispute concerning a designation pursuant to this Paragraph is not pending at the time of final termination of this action,

the designation made by the Producing Party shall not be subject to further challenge by any Party. The Materials at issue shall be treated as Confidential Information, as designated by the designating Party, until the Court has ruled on the objection or the matter has been otherwise resolved.

8. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8.1  All Protected Material shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. The Party receiving Protected Material shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Material or any information contained therein. Counsel for each Party, and each person receiving Protected Material shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Protected Material is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

8.2  No Party shall be responsible to another party for disclosure of Protected Material under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

8.3  If a Producing Party, through inadvertence, produces any Protected Material without labeling or marking or otherwise designating it as such in accordance with this Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed Protected Material, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The Receiving Party must treat the Materials as Protected Material, once the Producing Party

so notifies the Receiving Party.  If the Receiving Party has disclosed the
Materials before receiving the designation, the Receiving Party must notify the
Producing Party in writing of each such disclosure.  Counsel for the Parties
shall agree on a mutually acceptable manner of labeling or marking the
inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" subject to this Order.

   8.4 If a Producing Party inadvertently discloses to the Receiving
Party Material that is protected by the attorney-client privilege, attorney work
product immunity, or is otherwise immune from discovery, the Producing
Party shall promptly upon discovery of such disclosure so advise the
Receiving Party in writing and request that the privileged item or items be
returned and no party to this action shall thereafter assert that such disclosure
waived any privilege or immunity.  It is further agreed that the Receiving
Party will return such inadvertently produced privileged item or items and all
copies thereof within ten (10) days of receiving a written request for the return
of such item or items.  In addition, any person who receives inadvertently
disclosed material that he or she reasonably believes is protected by the
attorney-client privilege, attorney work product immunity, or is otherwise
immune from discovery shall promptly notify the Court and the opposing
Party of the receipt of such material.  The Receiving Party will return such
inadvertently produced privileged item or items and all copies thereof within
ten (10) days of receiving a written request for the return of such item or
items.  The Party having returned such inadvertently produced privileged item
or items may thereafter, without asserting waiver because of inadvertent
production, seek production of any such Materials in accordance with the
Federal Rules of Civil Procedure.

   8.5 The Court shall determine at the time of trial how Protected
Material shall be handled at trial, consistent with the purposes of this Order.

601439443v9

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

9.1     Nothing herein shall be construed to prevent disclosure of Protected Material if such disclosure is required by law or by order of the Court.

9.2     If a Party or Counsel is served a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party or Counsel must:

    a.     Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

    b.     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the Material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

    c.     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected to protect the Protected Material from disclosure.

9.3     If a Party or Counsel is served a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, the Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

9.4    No Party or Counsel who has received Protected Material subject to this Order shall aid or encourage a party to another litigation to subpoena or otherwise seek to obtain Protected Material subject to this Order.

## 10.    FINAL DISPOSITION

10.1    After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of Protected Material for enforcement of the provisions of this Order following termination of this litigation.

10.2    Within 60 days after the final disposition of this litigation as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Any returned Protected Material should be sent to counsel for the Producing Party.  If any of the Protected Materials are destroyed, Counsel for the Receiving Party shall provide a certificate of destruction to the Producing Party.  Protected Material stored electronically (e.g., document productions) shall be deleted; provided, however, this obligation shall be satisfied so long as reasonable measures have been taken in good faith to delete the electronically-stored Protected Material.  Counsel for the Receiving Party shall provide a certificate of deletion to the Producing Party.  Notwithstanding this provision, Counsel for the Parties (including In-House Counsel) are entitled to retain an archival copy of discovery responses, pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain   Protected Material. Any such archival copies that contain or constitute Protected Material remain

subject to this Order as set forth in Paragraph 4.  Document management systems and backup tapes need not be purged to eliminate Protected Material. This Paragraph applies to any Protected Material circulated to independent Experts described in Paragraph 6.2 above, and Counsel for the Party or Parties receiving Protected Material shall obtain written confirmation from such independent Experts to whom they have circulated Protected Material that all such Protected Material and all copies thereof have been returned to such counsel or destroyed, and that reasonable measures have been taken in good faith to delete all such Protected Material stored electronically, as provided for in this Paragraph.

## 11.   MISCELLANEOUS

11.1   Nothing herein shall prejudice the right of any Party to object to the production of any discovery Material on the grounds that the Material is protected as privileged or as attorney work product.

11.2   Nothing in this Order shall bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Protected Material, provided that the contents of the information shall not be disclosed except as is permitted by this Order.

11.3   This Order shall be without prejudice to the right of any Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Protected Material.  The existence of this Order shall not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

11.4   Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence or the right of any Party to be present throughout the trial.

11.5   The restrictions and obligations set forth herein shall not apply to any information that: (a) the Parties agree should not be designated Protected Material; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the Receiving Party's legitimate knowledge independently of the production by the Producing Party.  Prior knowledge must be established by preproduction documentation.

11.6   The restrictions and obligations herein shall not be deemed to prohibit discussions of any Protected Material with anyone if that person already has or obtains legitimate possession thereof.

11.7   Transmission by email or facsimile is acceptable for all notification purposes herein.

11.8   This Order may be modified by written agreement of the Parties, subject to approval by the Court.

11.9   The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**PURSUANT TO STIPULATION, AND GOOD CAUSE APPEARING THEREFORE,**

**IT IS SO ORDERED.**

Dated: _____      _____

Hon. Robert N. Block

# EXHIBIT A

## Acknowledgement And Agreement To Be Bound By Protective Order

I, _____ , declare and say that:

     1.    I am employed as _____

by _____.

     2.    I have received a copy of, read in its entirety, and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California, Southern Division, in the case of *Jose R. Martinez, Christina Buchanan-Martinez v. The Walt Disney Company,* Case No. SACV11-00214-JVS (RNBx).

     3.    I acknowledge and agree that I will use any and all "Protected Material," as defined in the Stipulated Protective Order, given to me only in a manner authorized by the Stipulated Protective Order, and only to assist counsel in the litigation of this matter.

     4.    I further acknowledge, understand and agree that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

     5.    I understand that any disclosure or use of "Protected Material"  in any manner contrary to the provisions of the Stipulated Protective Order may subject me to sanctions and punishment in the nature of contempt of court.

    I declare under penalty of perjury that the foregoing is true and correct.

    Date: _____

                Signature: _____

                Printed Name: _____