PAULA D. PEARLMAN (SBN 109038)
*Paula.pearlman@lls.edu*
MICHELLE UZETA (SBN 164402)
*Michelle.Uzeta@lls.edu*
TREVOR J. FINNEMAN (SBN 275131)
*Trevor.Finneman@lls.edu*
DISABILITY RIGHTS LEGAL CENTER
800 S. Figueroa Street, Suite 1120
Los Angeles, CA 90017
Telephone: (213) 736-1496
Facsimile:  (213) 736-1428

Attorneys for PLAINTIFFS

[Additional counsel listed on next page]

FILED

2012 JUN 27 PM 4:00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JOSE R. MARTINEZ; CHRISTINA BUCHANAN,<br><br>       Plaintiffs,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS, U.S. INC., formerly known as WALT DISNEY WORLD CO.; and DOES 1 through 10, inclusive,<br><br>       Defendant. | **CASE NO.:** CV 11-214 JVS (RNBx)<br><br>**SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. Title III of the Americans with Disabilities Act (42 U.S.C. §§ 12181 *et seq.*);<br>2. Unruh Civil Rights Act (California Civil Code § 51 *et seq.*);<br>3. California Disabled Persons Act (California Civil Code § 54 *et seq.*)<br>4. Unfair Business Practices (Business and Professions Code § 17200 *et seq.*);<br>5. Negligence;<br>6. Negligent Infliction of Emotional Distress;<br>7. Strict Liability;<br>8. Premises Liability; and<br>9. Declaratory Relief.<br><br>**DEMAND FOR JURY TRIAL** |

1

1 | DAVID G. GEFFEN (SBN 129342)
*geffenlaw@aol.com*
2 | ABDEL NASSAR (SBN 275712)
3 | DAVID GEFFEN LAW FIRM
530 Wilshire Blvd., Ste 205
4 | Santa Monica, CA 90401
Telephone: (310) 434-1111
5 | Facsimile: (310) 434-1115

6 |

7 | Attorneys for Plaintiffs

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## INTRODUCTION

1. Disneyland Amusement Park ("Disneyland") is consistently ranked the second busiest amusement park in the world, with approximately 15.9 million people visiting the Anaheim-based Park in 2009. To the millions of visitors each year, Disneyland touts itself as the "Happiest Place on Earth." Resting on eighty-five acres open to the public, Disneyland has eight themed "lands," including Main Street USA, Adventureland, New Orleans Square, Frontierland, Critter Country, Fantasyland, Mickey's Toontown, and Tomorrowland, with over fifty rides and attractions.

2. Like other Disneyland visitors, Plaintiff Jose R. Martinez ("Mr. Martinez") and his wife, Plaintiff Christina Buchanan (collectively "Plaintiffs") were thrilled to visit the Park and enjoy its world-famous attractions and most popular rides. Their earnest enthusiasm, however, quickly gave way to embarrassment, frustration, and humiliation as they learned from Disneyland employees that the vast majority of rides and attractions were not accessible to Mr. Martinez, who uses a wheelchair for mobility.

3. Of those rides designated "accessible" to people who use wheelchairs at Disneyland, a majority require the guest/wheelchair user to transfer out of his/her wheelchair to access the ride. Unfortunately, Mr. Martinez, who is quadriplegic, does not have the upper body strength to make this transfer.

4. "It's A Small World" is one of the few rides designated as accessible for wheelchair users visiting Disneyland. Mr. Martinez attempted to enjoy "It's a Small World" with his wife during their visit to Disneyland, but the ride malfunctioned because of a computer glitch, stalling while they were still aboard. The ride could not be restarted.

5. Non-disabled guests on the ride with Plaintiffs were able to be safely evacuated, but due to Disneyland's lack of policies and procedures for emergency evacuation of persons with mobility disabilities and/or inadequate training of its employees, Plaintiffs were trapped on "It's a small World" for over forty minutes, causing Mr. Martinez to suffer Dysreflexia, a life-threatening medical condition which can quickly lead to a stroke and/or death if untreated, while the other non-disabled guests around them

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  were safely evacuated.

2      6.      As a direct result of Defendant's lack of policies and procedures for persons
3  with mobility disabilities and the physical inaccessibility of its services, programs and
4  related facilities, it was difficult for Plaintiffs to locate a family or unisex restroom (also
5  known as a "companion restroom") or other appropriate and accessible facility within
6  which Mr. Martinez could address his personal needs.

7      7.      To the Plaintiffs, instead of the "happiest" place, Disneyland was a place
8  where they experienced discrimination and an unnecessarily life-threatening situation
9  based on Disneyland's practices and procedures (and lack thereof) regarding emergency
10  procedures for and evacuation of persons with mobility disabilities and the inadequate
11  training of employees.

12                          **JURISDICTION AND VENUE**

13      8.      The claims alleged herein arise under the Americans with Disabilities Act (42
14  U.S.C. §§ 12131 *et seq.*) ("ADA"), among other state claims for relief, such that the
15  jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.  Through the
16  same actions and omissions that form the basis of Plaintiffs' federal claims, Defendant have
17  also violated Plaintiffs' rights under state law, over which this Court has supplemental
18  jurisdiction pursuant to 28 U.S.C. § 1367.  This Court has jurisdiction over Plaintiffs'
19  claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and
20  Rule 65 of the Federal Rules of Civil Procedure.

21      9.      Venue over Plaintiffs' claims are proper in the Western Division of the
22  Central District of California because Defendant reside in the Western Division of the
23  Central District of California within the meaning of 28 U.S.C. § 1391 and because many of
24  the events, acts, and omissions giving rise to Plaintiffs' claims occurred in the Western
25  Division of the Central District of California.

26                                  **PARTIES**

27      10.     Plaintiff Jose R. Martinez is an individual with a physical disability within the
28  meaning of all applicable statutes, including the ADA, 42 U.S.C. § 12101 *et seq.,* and

4

California Civil Code §§ 51 and 54 *et seq.*, and uses a motorized wheelchair for mobility. Mr. Martinez is and was at all relevant times herein the husband of Plaintiff Christina Buchanan.

11.    Plaintiff Christina Buchanan is protected under Title III of the ADA as "an individual . . . known to have a relationship or association" with a qualified individual with a disability. 42 U.S.C. § 12182(b)(1)(E). Plaintiff Christina Buchanan is and was at all relevant times herein the wife of Plaintiff Jose R. Martinez.

12.    Defendant Walt Disney Parks and Resorts U.S., Inc., formerly known as Walt Disney World Co., is, and at all relevant times herein was, the owner, operator, lessor and/or lessee of Disneyland Park, located in Anaheim, California.

13.    The true names and capacities of Defendant DOES 1-10 are unknown to Plaintiffs at this time. Plaintiffs will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained. Plaintiffs are informed and believe, and thereon allege, that each of the Defendant designated as "DOE" are legally responsible for the events and happenings alleged herein and that Plaintiffs' damages as alleged herein were proximately caused by said DOE Defendant.

14.    Whenever Plaintiffs refer to any act, deed, or conduct of Defendant, said reference means that Defendant collectively engaged in the act, deed, or conduct by and through one or more of its officers, directors, agents, employees or representatives who were actively engaged in the management, direction, control or transactions of Defendant's ordinary business affairs.

15.    Plaintiffs are informed and believe and thereon allege that at all times relevant hereto each of the Defendant, including without limitation the DOE Defendant, was the agent, affiliate, officer, director, manager, principal, alter-ego and/or employee of the other Defendant and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment and actively participated in, or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

of the violations of Plaintiffs' rights and the damages to Plaintiffs proximately caused thereby.

## GENERAL ALLEGATIONS

16.     Each and every allegation set forth in each and every statement of the Complaint is hereby incorporated by reference in each and every other averment and allegation of this Complaint.

17.     Plaintiff Jose R. Martinez, who is quadriplegic, uses a motorized wheelchair for mobility.  Mr. Martinez visited Disneyland with his wife on or about November 27, 2009.

18.     When Mr. Martinez purchased admission tickets to Disneyland, he was charged the same cost as other patrons, despite his inability to access the majority of the park's rides and attractions.

19.     Plaintiffs were excited to visit Disneyland and especially to see the Disneyland Holiday Parade.  Their enthusiasm, however, quickly gave way to embarrassment, frustration, and humiliation as they learned from Disneyland employees, only after purchasing their tickets and entering the park, that the vast majority of rides and attractions were not accessible to Mr. Martinez.

20.     The majority of "accessible rides" at Disneyland require the guest/wheelchair user to transfer out of his/her wheelchair to access the ride.  Unfortunately, Mr. Martinez, who is quadriplegic, does not have the upper body strength to make this transfer.  As a result, Plaintiffs were unable to access approximately 75% of the rides and attractions at Disneyland.[1]

21.     In attempting to board "Pirates of the Caribbean" ride, for example, Plaintiffs were informed that Mr. Martinez could not board unless he was able to transfer out of his wheelchair.  They were further informed that this would be the case for most of the other designated accessible rides at Disneyland.

22.     In addition, Plaintiffs were surprised and upset to learn about the lack of

---

[1] This percentage of rides does not include those rides, such as roller coasters, with health restrictions.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

accessible and easily identifiable unisex and/or family restrooms at the park. Unisex and family restrooms are essential for persons with mobility disabilities like Mr. Martinez, who rely on opposite sex individuals for personal assistance with toileting. In light of the expectation that Disneyland guests will visit the theme park all day, unisex and family restrooms are an integral element of complete and equal physical access to Disneyland.

23.     During Plaintiffs' visit to Disneyland, they experienced extreme difficulty in locating any family or unisex restrooms as required by Mr. Martinez. Approximately four Disneyland employees approached by Plaintiffs told Plaintiffs they did not know where family or unisex restrooms were located. It was not until Plaintiffs requested guidance from a fifth Disneyland employee that they were able to locate a family restroom.

24.     Moreover, the bathrooms at Disneyland do not comply with applicable accessibility standards. While at Disneyland on or about November 27, 2009, Mr. Martinez experienced the following access barriers to Disneyland's restrooms:

a.     Inadequate signage;

b.     Inadequate door swing/approach to stalls;

c.     Inadequate transfer space;

d.     Stall doors do not self close; and

e.     Waste baskets and water fountains created obstructions and serve as protruding objects.

25.     On information and belief there are other access barriers that exclude and deter Plaintiff from enjoying full and equal access to and use of the restroom facilities offered by Defendant to the general public visiting Disneyland, barriers for which he has standing to challenge. These barriers include, but are not limited to:

a.     Incorrectly mounted water closet, hardware and amenities;

b.     Inadequate and/or obstructed floor and clearance space;

c.     Insufficient reach;

d.     Pinched paths of travel; and

e.     Lavatory pipes are not insulated.

7

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26.     The "It's a Small World" ride was one of the few rides accessible to Mr. Martinez. While on this ride, however, it completely malfunctioned, causing the ride to stop. Both Mr. Martinez and his wife Christina Buchanan were stranded just inside the last tunnel of the ride, near a set of stairs. After approximately fifteen minutes, Plaintiffs watched as all of the other guests on the ride were evacuated. However, there was no mechanism for Mr. Martinez to evacuate from the boat.

27.     Plaintiffs were left stranded inside the boat for over forty minutes without constructive assistance from any emergency or medical professionals, or Disney employees.

28.     Initially, a female employee approached Plaintiffs; however, she was unable to assist them in exiting the ride. With the ride's music blaring in the background, Mr. Martinez felt his blood pressure rising, explained to the female employee that he was having a panic attack, requested medical attention, and insisted that he needed to exit the ride immediately. Unsure of what to do, the female employee left.

29.     Sometime later, a younger, male employee returned and informed Plaintiffs that the ride would resume in a few minutes. Mr. Martinez informed the male employee that it was urgent that he exit the ride, that he needed medical attention, and that he was experiencing Dysreflexia,[2] an extreme increase in blood pressure, which can lead to death if not treated. The male employee agreed to inform medical personnel of Mr. Martinez's condition.

30.     The couple sat for an additional twenty-five to thirty minutes as Mr. Martinez's blood pressure dramatically rose, causing extreme pain and pressure in his head and severe anxiety. This was despite the fact that other non-disabled patrons were able to exit the ride.

31.     Mr. Martinez suffered extreme emotional distress and feared that he was

---

[2] Dysreflexia is commonly experienced by people with spinal cord injuries and can be triggered by various irritants, most commonly an overfull bladder. Mr. Martinez describes it as "feeling like your head is going to explode."

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

going to die as he remained trapped on the ride. Mr. Martinez also felt extremely humiliated and embarrassed at having been singled out by this discriminatory treatment in Disneyland's inability to evacuate him from the ride.

32.    Mrs. Martinez did her best to keep calm, but felt powerless to do anything. As Mr. Martinez was strapped inside the boat, he was unable to recline his chair to relieve his symptoms. Moreover, there was no room for Mrs. Martinez to administer first aid, which could have relieved his symptoms. As a result, Mrs. Martinez was terrified and suffered extreme emotional distress knowing all the while that her husband could die. Mrs. Martinez also felt extremely humiliated and embarrassed at having been singled out by this discriminatory treatment in Disneyland's inability to evacuate her husband from the ride.

33.    During this time, unbeknownst to Plaintiffs, no emergency personnel were dispatched despite Mr. Martinez's repeated requests for emergency medical attention and for his immediate evacuation. Instead, the couple was left trapped in the boat by Disneyland employees who did not contact the paramedics but, instead, chose to wait until the ride's computer system rebooted to allow Plaintiffs off the ride.

34.    Plaintiffs were not offered any alternative route off the ride, nor did Disney employees appear aware of what they were supposed to do with respect to emergency situations related to people with disabilities. Plaintiffs were presented no plan for evacuation other than to wait for the ride to start again, and were offered no alternative to have medical assistance come to them.

35.    After about forty minutes of being trapped, the ride restarted and slowly carried Plaintiffs to the exit where a Disneyland nurse was waiting.

36.    Upon arrival at the ride's exit, Plaintiffs were further distraught to see that no paramedics had been dispatched. Instead, they were met by a Disneyland nurse who told Mr. Martinez to follow her to the first aid office. This required him to travel in his wheelchair from the "It's A Small World" ride at the northern most end of Disneyland to the first aid station on Main Street while weaving through heavy holiday crowds and

navigating inaccessible and dangerous conditions including excessive slopes and cross slopes, loose and damaged surfaces, incorrectly constructed curb ramps and lack of curb ramps, causing additional pain and severe emotional distress to both Mr. and Mrs. Martinez. These inaccessible and dangerous conditions delayed Mr. Martinez from getting treatment for life-threatening Dysreflexia.

37. Once they arrived at the first aid station, the nurse checked Mr. Martinez's blood pressure and found it dangerously high, which finally caused her to call the paramedics. Based on this life threatening condition, the paramedics recommended that Mr. Martinez be taken immediately to the nearest hospital.

38. While in the first aid station, Disneyland employees dressed as the theme park characters Mickey Mouse and Minnie Mouse came inside to entertain the couple. Mr. and Mrs. Martinez were distraught and embarrassed by their appearance, realizing that the Disneyland employees were either ignorant of or unconcerned about the gravity of the situation.

39. The first aid station and related restroom, facilities to which Mr. Martinez was taken were not accessible to him as a wheelchair user. Barriers experienced by Mr. Martinez include, but are not limited to:

a.      Inaccessible exam table;

b.      Inaccessible gurney;

c.      No means of transfer from wheelchair to exam table; and

d.      Insufficient clearance/turning radius.

40. On information and belief there are other access barriers that exclude and deter Mr. Martinez from full and equal access to and use of the first aid facilities offered by Defendant to the general public visiting Disneyland, including, but not limited to:

a.      Incorrectly mounted water closet, hardware and amenities;

b.      Inadequate and/or obstructed floor and clearance space;

c.      Lavatory pipes are not insulated; and

d.      Stall doors do not self close.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

41. Upon information and belief, there are access barriers that exclude and deter Mr. Martinez from full and equal access to and use of the emergency evacuation routes for Disneyland patrons, including but not limited to:

    a.    Excessive slopes and cross slopes;

    b.    Damaged, cracked and uplifted surfaces;

    c.    Uneven, loose surface conditions

    d.    Poorly maintained tactile warnings;

    e.    Ill maintained truncated curb ramp warnings (material peeling off surfaces)

    f.    Lack of necessary curb ramps;

    g.    Non-compliant inclines and railings;

    h.    Emergency routes lead to inaccessible locations;

    i.    Dangerous edging; and

    j.    Inadequate signage.

42. Plaintiffs have been deterred from visiting Disneyland because of Defendant's failure to develop and implement adequate policies regarding the emergency evacuation of persons with mobility disabilities and by constructing and/or failing to remove architectural barriers to Disneyland's restroom facilities, first aid facilities and facilities and paths of travel utilized for emergency evacuation from the park and its rides.

43. Plaintiffs want to, and fully intend to visit Disneyland once they are assured that the amusement park has adequate emergency evacuation and emergency preparedness policies and procedures for persons with mobility disabilities, and that barriers to physical access to Disneyland's restroom facilities, first aid facilities and facilities and paths of travel utilized for emergency evacuation from the park and its rides, are removed.

44. Defendant's failure to have adequate policies regarding the emergency evacuation of persons with mobility disabilities is presently endangering the lives of the thousands of persons with disabilities who visit Disneyland each year. Defendant has proven itself to be completely ill equipped to address the needs of visitors with disabilities

when rides malfunction. Defendant is similarly ill prepared to address the need of people with disabilities requiring first aid and emergency evacuation in the event of power outage, earthquake or other emergency.

45.     Until Defendant's discriminatory policies and procedures are modified, and the aforementioned architectural barriers removed, Plaintiffs will continue to suffer discrimination by being excluded and deterred from returning to Disneyland, and will continue to be denied full and equal access to and use of the same goods, services, facilities, privileges, advantages, and accommodations offered by Disneyland to the general public.

22.     As the result of Defendant's acts and omissions, as herein described, Plaintiffs were, and will continue to be denied full and equal access to the goods, services, facilities, privileges, advantages, or accommodations of Disneyland, and has suffered discrimination, humiliation, pain, emotional distress, and embarrassment, all to their damage. The ongoing nature of Defendant's discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury. Accordingly, Plaintiffs bring this action in order to compel Defendant to comply with its obligations to provide access to its goods and services, and otherwise not discriminate against people with disabilities. The Plaintiffs also seek damages in addition to their attorney's fees and costs.

## FIRST CAUSE OF ACTION

### TITLE III OF THE AMERICAN WITH DISABILITIES ACT

### 42 U.S.C. §§ 12181 *et seq.*

### (By All Plaintiffs Against Defendant And DOES 1-10)

46.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

47.     Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms for discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. § 12101(a)(2).

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

48.     In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1)-(2).

49.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. 12181 et seq.  Among "private entities" which are considered "public accommodations" for purposes of this title are "amusement parks". 42 U.S.C. §12181(7)(I). Title III of the ADA provides, *inter alia,* that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a).

50.     Defendant Walt Disney Parks And Resorts, Inc. owns and operates a place of public accommodation, Disneyland, which is covered by Title III of the ADA.  42 U.S.C. § 12181(7)(I).

51.     Defendant Walt Disney World Co. owns and operates a place of public accommodation, Disneyland, which is covered by Title III of the ADA.  42 U.S.C. § 12181(7)(I).

52.     Mr. Martinez is a person with a mobility disability and, thus, is specifically protected under the ADA.  42 U.S.C. § 12102(2); and 28 C.F.R. § 36.104.

53.     Plaintiff Christina Buchanan is a person "known to have a relationship or association" with a qualified individual with a disability and, thus, is specifically protected under the ADA.  42 U.S.C. § 12182(b)(1)(E).

54.     Defendant's acts and omissions alleged herein are in violation of the ADA, 42 U.S.C. sections 12181 *et seq.*; and the regulations promulgated thereunder. Defendant's discriminatory conduct includes, but is not limited to:

        a.     Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities. 42

1  U.S.C. § 12182(b)(1)(A)(i);

2  b.  Provision of goods, services, facilities, privileges, advantages, and/or

3  accommodations that are not equal to those afforded non-disabled

4  individuals. 42 U.S.C. § 12182(b)(1)(A)(ii);

5  c.  Failing to design and/or construct facilities built for first occupancy

6  after January 26, 1993 so that they are readily accessible to and usable

7  by individuals with disabilities in accordance with the ADA Standards

8  for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. A. 42

9  U.S.C. § 12183(a)(1); 28 C.F.R. §§ 36.401, 36.406(a)

10  d.  Since January 26, 1992, failing to make alterations in such a manner

11  that, to the maximum extent feasible, the altered portions of the

12  facilities are readily accessible to and usable by individuals with

13  disabilities in accordance with the ADA Standards. 42 U.S.C.

14  § 12183(a)(2); 28 C.F.R. §§ 36.402, 36.403, 36.406(a);

15  e.  Since July 26, 1991, failing to comply with the ongoing obligation to

16  remove barriers, and/or provide path of travel upgrades to remove

17  barriers at facilities where such removal is "readily achievable." 42

18  U.S.C. § 12182(a)(2)(A)(iv); 28 C.F.R. § 36.304.

19  f.  Failing to make reasonable modifications in policies, practices or

20  procedures, when such modifications are necessary to afford such

21  goods, services, facilities, privileges, advantages, or accommodations

22  to individuals with disabilities . . . ." 42 U.S.C. § 12182(b)(2)(A)(ii).

23  55.  Defendant's conduct constitutes multiple ongoing and continuous violations

24  of the ADA, and unless restrained from doing so, Defendant will continue to violate said

25  law.  Said conduct, unless enjoined, will continue to inflict injuries for which Plaintiffs

26  have no adequate remedy at law.  Consequently, Plaintiffs are entitled to injunctive relief.

27  42 U.S.C. § 12188.

28  56.  Plaintiffs are also entitled to reasonable attorneys' fees and costs pursuant to

SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  the ADA.  42 U.S.C. § 12205.

2  ## SECOND CAUSE OF ACTION

3  ## UNRUH CIVIL RIGHTS ACT

4  ### California Civil Code §§ 51 *et seq.*

5  **(By Plaintiff Jose R. Martinez Against Defendant And DOES 1-10)**

6  57.    Plaintiffs incorporate by reference each and every allegation contained in the

7  foregoing paragraphs.

8  58.    California's Unruh Civil Rights Act prohibits discrimination against

9  individuals with disabilities and also prohibits discrimination based on a person's

10  disability.  Section 51 of the California Civil Code provides, in relevant part:

11  All persons within the jurisdiction of this state are free and equal,

12  and no matter what their . . . disability . . . are entitled to the full

13  and equal accommodations, advantages, facilities, privileges, or

14  services in all business establishments of every kind whatsoever.

15  Cal. Civ. Code § 51(b).

16  59.    The Unruh Act provides that "[a] violation of the right of any individual under

17  the Americans with Disabilities Act . . . shall also constitute a violation of this section."

18  Cal. Civ. Code § 51(f).

19  60.    As set forth above, Defendant discriminated against Mr. Martinez based on his

20  disability by failing to modify discriminatory policies that discriminate against people with

21  mobility disabilities and constructing and/or failing to remove architectural barriers.

22  61.    Defendant's actions constitute a violation of, among other laws, the Americans

23  with Disabilities Act.

24  62.    Mr. Martinez's mobility disability limits a major life activity; thus, he is

25  protected under the Unruh Civil Rights Act.  Cal. Civ. Code § 51(e)(1); Cal. Gov't. Code

26  §12926(k).

27  63.    Disneyland is a business establishment regulated by the Unruh Civil Rights

28  Act. Cal. Civ. Code § 51(b).

64.   As a direct and proximate result of Defendant's conduct, Mr. Martinez has suffered damages.

65.   As such, the named Mr. Martinez is entitled to general and special damages *and* any amount that may be determined by a jury, or a court sitting without a jury up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) for each and every offense. Cal. Civ. Code § 52(a), (e). Plaintiff Mr. Martinez is also entitled to his attorneys' fees. Cal. Civ. Code § 52(a)(3).

66.   Mr. Martinez is also entitled to declaratory and injunctive relief and attorneys' fees.  Cal. Civ. Code § 52.1(b).

### THIRD CAUSE OF ACTION

### Violation of California Civil Code § 54

### (By Plaintiff Jose R. Martinez Against Defendant And DOES 1-10)

67.   Mr. Martinez incorporates by reference each and every allegation contained in the foregoing paragraphs.

68.   California Civil Code § 54.1(a) provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other as other members of the general public, to accommodations, advantages, facilities, medical facilities, including . . . transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement, or resort,"

69.   Mr. Martinez is a person with disabilities within the meaning of California Civil Code § 54(b)(1) and California Government Code § 12926.

70.   Defendant provide public services within the meaning of § 54 et seq.

71.   By failing to provide reasonable and equal accommodations to Mr. Martinez in light of, and based upon, his disabilities, Defendant have deprived Mr. Martinez the right to full and free use of public services, and therefore violate California Civil Code § 54.

72.   Under California Civil Code § 54(c), a violation of the ADA also constitutes a

violation of California Civil Code § 54 et seq.

73.     For all the reasons outlined above, Defendant violated the rights of Mr. Martinez under the Americans with Disabilities Act, and therefore violated California Code § 54.

74.     As a direct and proximate result of the aforementioned acts, Mr. Martinez has suffered and continues to suffer humiliation, hardship, anxiety and indignity.

75.     Under California Civil Code § 54 *et. seq.*, Mr. Martinez is entitled to injunctive relief, and attorneys' fees and costs.

76.     Mr. Martinez also seeks an award of damages. Mr. Martinez is entitled to damages, including, but not limited to, statutory damages in an amount up to a maximum of three times the amount of his actual damages.  Cal. Civ. Code § 54.3.

## FOURTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICE

### Business and Professions Code § 17200

### (By All Plaintiffs Against Defendant And DOES 1-10)

77.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

78.     Defendant's conduct, as alleged, is part of a general business practice by Defendant.  Defendant has made a considered decision to promote patronage at the expense of Defendant's legal obligations to patrons with mobility disabilities and their associates.

79.     Defendant's policies and practices constitute an unfair, fraudulent, and deceitful business practice within the meaning of California Business and Professions Code sections 17200 *et seq.*, in that, *inter alia*, Defendant's appeal to, advertise to, and purport to serve all people, including persons with mobility disabilities, yet Defendant's policies are illegal, discriminatory, and in violation of public policy.

80.     Plaintiffs have suffered injury as a result of Defendant's unfair and illegal business policy, including, but not limited to:

     a.     Selling admission tickets to Mr. Martinez at the same cost to which other patrons are subject without sufficient notice that due to his disability and inability to transfer out of his wheelchair, Mr. Martinez would be denied access to at least 75% of Disneyland's amusement rides without any health restrictions;

     b.     Failing to adopt and implement adequate emergency evacuation policies and procedures; and

     c.     Constructing and/or failing to remove architectural barriers to restrooms facilities, first aid facilities and the paths of travel and facilities utilized for emergency evacuation.

81.    As alleged above, Plaintiffs have suffered injury as a result of Defendant's unfair and illegal business policies, including, embarrassment, frustration, humiliation, severe, permanent and disabling injuries, physical pain, and significant emotional suffering.

82.    Based on the foregoing, Plaintiffs seek injunctive relief to remedy the unfair business practices described herein.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE

### (By All Plaintiffs Against Defendant And DOES 1-10)

83.    Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

84.    Plaintiffs were customers who paid to use Defendant's premises, facilities, and transportation.  Thus, Defendant owed Plaintiffs a duty of care as an invitee because Defendant owned, possessed, maintained, operated, supervised, managed, and controlled Disneyland in such a manner as to cause or permit that area to be in a dangerous, unsafe and hazardous condition for people with mobility disabilities, thereby causing Plaintiffs injuries.

85.    Defendant's negligence includes:

a.   Operating and permitting the operation of amusement park attractions, including but not limited to the "It's A Small World" ride, even though it lacked the proper practices and procedures regarding emergency evacuation of persons with mobility disabilities;

b.   Failing to adequately train agents of Defendant as to proper emergency procedures of persons with mobility disabilities in order to ensure swift and efficient assistance in the event of a catastrophe such as this;

c.   Operating and permitting the operation of amusement park attractions, including but not limited to the "It's A Small World" ride, without adequate warnings or cautions of the potential dangers to persons with mobility disabilities;

d.   Failing to implement policies and procedures to allow patrons who may need assistance in the restroom from a family member of the opposite sex, to have meaningful access to unisex bathrooms within Disneyland; and

e.   Constructing and/or failing to remove architectural barriers in violation of federal and state accessibility standards.

86.   As a direct and proximate result of Defendant's breach of its duties of care, Plaintiffs sustained severe, permanent and disabling injuries, physical pain, and significant emotional suffering.

87.   As a proximate result of the negligence of Defendant, Mr. Martinez was forced to incur expenses for medical care and treatment for himself.  Also, Mr. Martinez is informed and believes, and therefore alleges, that he will incur such further expenses in the future, all to his damage in a sum not at this time ascertained; and, leave of court will be asked to insert this figure at the time of trial.

/ / /

/ / /

19

# SIXTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (By All Plaintiffs Against Defendant And DOES 1-10)

88.　Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

89.　Defendant was negligent as more particularly described hereinabove, including but not limited to Defendant's discriminatory policies and procedures, failure to train employees, failure to provide proper warnings, and construction of and/or failure to remove architectural barriers.

90.　Defendant's negligence is exemplified by Plaintiffs' experience on the "It's A Small World" ride at Disneyland, which was a cause of severe injury to Plaintiffs.

91.　Plaintiff Christina Buchanan is the wife of the victim, Mr. Martinez.

92.　Plaintiff Christina Buchanan was present at the scene of the "It's A Small World" ride, on November 27, 2009, at the moment her husband experienced Dysreflexia, triggering an extreme increase in blood pressure, which can lead to death if not treated.

93.　Plaintiff Christina Buchanan was terrified, shocked, and troubled as she was stranded on the "It's A Small World" ride with her husband for over forty minutes without the assistance from any emergency or medical professionals.  Unable to relieve her husband's symptoms, Plaintiff Christina Buchanan suffered extreme emotional distress, knowing that her husband could die.

94.　While trapped on the "It's A Small World" ride, Mr. Martinez suffered extreme emotional distress, fearing that he was going to die.

95.　Plaintiffs felt humiliated and embarrassed at having been singled out by this discriminatory treatment in Disneyland's inability to evacuate Mr. Martinez from the ride, as other riders were safely evacuated.

96.　Furthermore, upon Plaintiffs' arrival at the ride's exit, no paramedics had been dispatched to assist Plaintiffs.  Instead, a Disneyland nurse told Plaintiffs to follow her to the first aid office, which required Plaintiff Mr. Martinez to travel in his wheelchair from

the "It's A Small World" ride at the northern most end of Disneyland to the first aid station on Main Street. Mr. Martinez had to weave through heavy crowds and navigate inaccessible conditions, causing him additional pain and severe emotional distress to both Plaintiffs.

97.     Plaintiffs are informed and believe, and based thereon allege, that they continue to incur various losses and expenses, the exact nature and amount of which Plaintiffs do not know at this time. Plaintiffs will amend this Complaint to state such amounts when the same have become known to Plaintiffs or will offer proof thereof at the time of trial.

<p style="text-align:center"><strong><u>SEVENTH CAUSE OF ACTION</u></strong></p>

<p style="text-align:center"><strong>STRICT LIABILITY</strong></p>

<p style="text-align:center"><strong>(By All Plaintiffs Against Defendant And DOES 1-10)</strong></p>

98.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

99.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant at all times herein mentioned were engaged in the business of manufacturing, designing, owning, and operating amusement park attractions, including but not limited to the "It's A Small World" ride, for which visitors of Disneyland with mobility disabilities could purchase an admission ticket and ride. Further, at the time of manufacturing, designing, owning, and operating amusement park attractions, including but not limited to the "It's A Small World" ride, Defendant knew and absolutely intended that the attractions accommodating persons with mobility disabilities would be used by Mr. Martinez in such a manner that he would be ignorant of the unreasonably dangerous nature of the ride due to the lack of practices and procedures regarding emergency evacuation of persons with mobility disabilities, to the inadequate training of employees, and to the inaccessibility of its services and programs due to Defendant construction of, and/or failure to remove architectural barriers in existing facilities where such removal is readily achievable.

100.   Plaintiffs are informed and believe, and upon that basis allege, that the

amusement park attractions, including but not limited to the "It's A Small World" ride and its subject components, at the time it was manufactured, designed, owned, and operated by Defendant was defective, hazardous, and unsafe for the purpose of accommodating persons with mobility disabilities without serious, immediate, absolute, and cumulative injury.

101.   Plaintiffs are informed and believe, and upon that basis allege, that Defendant knew and intended that the amusement park attractions, including but not limited to the "It's A Small World" ride, would be used by Plaintiffs without Plaintiffs having scrutinized it for effective practices and procedures regarding emergency evacuation of persons with mobility disabilities, for adequate training of employees, and for the construction and/or failure to remove architectural barriers in existing facilities where such removal is readily achievable.

102.   Plaintiffs are informed and believe, and upon that basis allege, that as a direct and proximate result of Defendant's ineffective practices and procedures regarding emergency evacuation of persons with mobility disabilities, of Defendant's inadequate training of employees, and of Defendant's construction of, and/or failure to remove architectural barriers in existing facilities where such removal is readily achievable, Mr. Martinez was stranded inside the boat at the "It's A Small World" ride for over forty minutes without the assistance from any emergency or medical professionals.  In result, Mr. Martinez experienced Dysreflexia, triggering an extreme increase in blood pressure, which can lead to death if not treated.

103.   As a proximate result of the hereinabove and hereinafter alleged acts, omissions, and conduct of Defendant, Plaintiffs have incurred various expenses and losses, which would not have otherwise been incurred.  Plaintiffs are informed and believe, and based thereon allege, that Plaintiffs will continue to incur various losses and expenses, the exact nature and amount of which Plaintiffs do not know at this time.  Plaintiffs will amend this Complaint to state such amounts when the same become known to Plaintiffs or will offer proof at the time of trial.

//

## EIGHTH CAUSE OF ACTION

### PREMISES LIABILITY

### (By All Plaintiffs Against Defendant And DOES 1-10)

104.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

105.   "THIS PROPERTY" refers to Disneyland where this incident occurred and, particularly, the "It's A Small World" ride.

106.   At all times herein mentioned, Defendant was the owner and operator of THIS PROPERTY.

107.   At all times herein mentioned, Defendant was the lessor of THIS PROPERTY.

108.   At all times herein mentioned, the persons acting as the Managers and Maintainers of THIS PROPERTY were doing so with the knowledge, permission, and consent of Defendant.

109.   At all times herein mentioned, the persons acting as the Managers, Maintainers, and Lessors of THIS PROPERTY were the agent, servant, and employee of and acting within the course and scope of said agency and employed by Defendant.

110.   At said time and place, Defendant proximately caused damages to said Plaintiffs by negligently, wantonly, recklessly, tortiously, and unlawfully:

     a.     Entrusting, permitting, managing, maintaining, servicing, repairing, inspecting, testing, controlling and operating THIS PROPERTY;

     b.     Designing, constructing and owning THIS PROPERTY;

     c.     Instructing others regarding THIS PROPERTY and its use, maintenance, care and operation;

     d.     Failing to warn, instruct, advice, protect and guard users regarding THIS PROPERTY; and,

     e.     Conducting themselves with reference to THIS PROPERTY and to Plaintiffs, so as to cause THIS PROPERTY to be in a dangerous,

defective, hazardous, and unsafe condition and to proximately cause damages to Plaintiffs while they were riding on the "It's A Small World" ride.

111.   As a proximate result thereof these Plaintiffs have had and in the future will have pain, suffering, worry, and anxiety, all to Plaintiffs' general damages in an amount according to proof.

## NINTH CAUSE OF ACTION
## DECLARATORY RELIEF
### (By All Plaintiffs Against Defendant And DOES 1-10)

112.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

113.   Plaintiffs are informed and believe, and therefore contend, that Defendant deny that Defendant failed to comply with applicable law prohibiting discrimination against persons with mobility disabilities and are in violation of various civil rights statutes and the California Business and Professions Code.

114.   In addition, Plaintiffs are informed and believe, and therefore contend, that Defendant deny that there practice and policies regarding the accessibility of Disneyland's rides, attractions and related facilities, and that Disneyland's policies and procedures regarding the emergency evacuation of persons with disabilities policies, or lack thereof, are in violation of public policy.

115.   A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.   Declaring that Defendant violated Title III of the ADA and its implementing regulations, the Unruh Civil Rights Act, and the California Disabled Persons Act by failing to provide full and equal enjoyment of their goods and services to Plaintiffs;

2.   Declaring that Defendant violated Business and Professions Code Section

17200 by engaging in unfair business practices;

3. Issuing an injunction pursuant to Title III of the ADA and Plaintiff's related state law claims:

    a.    Ordering Defendant to alter their policies, practices and procedures, including employee training, to ensure that it affords full and equal enjoyment of its goods and services for people with disabilities, including Plaintiffs, as required by the ADA, the Unruh Civil Rights Act, and Business and Professions Code Section 17200, including, but not limited to ensuring appropriate policies and procedures regarding emergency situations and evacuation for persons with disabilities;

    b.    Ordering that Defendant retain a neutral outside expert to review their emergency plans and develop necessary policies and procedures to ensure that such emergency plans address the needs of people with mobility disabilities;

    c.    Ordering that Defendant implement policies and procedures to allow patrons who may need assistance in the restroom from a family member of the opposite sex, to have meaningful access to unisex bathrooms throughout the Disneyland theme park;

    d.    Ordering that Defendant, with the assistance of a neutral outside expert, implement a certification process to properly train Disneyland personnel, with regards to the emergency evacuation of individuals with mobility disabilities as to any and all areas within the Disneyland theme park;

    e.    Ordering that Defendant, with the assistance of a neutral outside expert, implement a disability sensitivity training program for all Disneyland officers and staff, including but not limited to Defendant's general claims personnel and disability claims personnel,

Defendant's medical response team, Defendant's Disney character employees, and Defendant's ride/attraction operators and employees;

    f.    Ordering Defendant to alter its restroom facilities, first aid facilities, and paths of travel and facilities utilized for emergency evacuations, to make such facilities readily accessible to and usable by individuals with disabilities; and

    g.    Prohibiting operation of Defendant's public accommodations and facilities until they provide full and equal access to physically disabled persons as herein requested, and requiring that such access be immediately provided.

4.    Awarding Plaintiffs compensatory damages in an amount according to proof;

5.    Awarding Mr. Martinez such additional amounts as may be determined at trial, up to a maximum of three times the amount of actual damages, but in no case less than four thousand dollars ($4,000) for each violation of California Civil Code section 51, as provided by California Civil Code section 52;

6.    Awarding Mr. Martinez such additional amounts as may be determined at trial, up to a maximum of three times the amount of actual damages, but in no case less than one thousand dollars ($1,000) for each violation of California Civil Code section 54, as provided by California Civil Code section 54.3(a);

7.    Awarding Plaintiffs exemplary and punitive damages in an amount sufficient to punish and set an example;

8.    Awarding Plaintiffs' attorneys' fees and all costs incurred by bringing this action under all applicable laws; and

/ / /

/ / /

/ / /

/ / /

/ / /

9. Granting such other relief as the Court deems just and fair.

DATED: June 26, 2012

Respectfully Submitted,

DISABILITY RIGHTS LEGAL CENTER

By Michelle Uzeta
MICHELLE UZETA
Attorney for PLAINTIFFS

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial.

Dated: June 26, 2012

DISABILITY RIGHTS LEGAL CENTER

By Michelle Uzeta
MICHELLE UZETA
Attorney for PLAINTIFFS