MARK D. LITVACK (SBN 183652)
mark.litvack@pillsburylaw.com
ELLEN C. COHEN (SBN 276458)
ellen.cohen@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S. INC.

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE R. MARTINEZ; CHRISTINA BUCHANAN,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida corporation,<br><br>　　　　　　Defendant. | CASE NO. SACV11-00214 –JVS (RNBx)<br><br>JUDGMENT |

　　　　On motion for partial summary judgment brought by Defendant Walt Disney World Parks and Resorts U.S., Inc. ("Disneyland"), the Court ordered partial summary judgment against Plaintiff Jose Martinez ("Martinez") and Christina Buchanan ("Buchanan") (collectively hereinafter "Plaintiffs") as follows:

1. Partial summary judgment in favor of Disneyland and against Martinez on Martinez's claim that Disneyland discriminated against Martinez on the basis of his disability during Plaintiffs' visit to Disneyland on November 27, 2009 by denying Martinez full and equal access to its public facilities, in violation of his rights under Title III of the Americans with Disabilities Act ("ADA") and California Civil Code Sections 51 and 54, *et seq* relating to the incident at Disneyland's "*it's a small world*" attraction.

2. Partial summary judgment in favor of Disneyland, and against Martinez on Martinez's claim that Disneyland discriminated against Martinez on the basis of his disability during Plaintiffs' visit to Disneyland on November 27, 2009 by denying Martinez full and equal access to its public facilities, in violation of his rights under Title III of the ADA and California Civil Code Sections 51 and 54, *et seq* relating to Disneyland's number and distribution of family or companion restrooms.

3. Partial summary judgment in favor of Disneyland and against Martinez on Martinez's claim that Disneyland discriminated against Martinez on the basis of his disability during Plaintiffs' visit to Disneyland on November 27, 2009 by denying Martinez full and equal access to its public facilities, in violation of his rights under Title III of the ADA and California Civil Code Sections 51 and 54, *et seq* relating to Disneyland's attraction-specific and park-wide evacuation training, policies and plans.

4. Partial summary judgment in favor of Disneyland and against Buchanan on Buchanan's claims that Disneyland discriminated against Buchanan because of her relationship or association with an individual with a disability, Martinez, during Plaintiffs' visit to Disneyland on November 27, 2009 by denying Buchanan full and equal access to its public facilities, in violation of Buchanan's rights under Title III of the ADA and California Civil Code Sections 51 and 54, *et seq.,* relating to the incident at Disneyland's "*it's a small world*" attraction, Disneyland's number and distribution of family or companion restrooms, and Disneyland's attraction-specific and park-wide evacuation training, policies and plans.

Subsequently, this matter came for bench trial on March 19, 2013 before the Hon. James V. Selna, U.S. District Court Judge. David G. Geffen of David Geffen Law Firm and Trevor Finneman of the Disability Rights Legal Center appeared as attorneys for Martinez and Buchanan and Mark D. Litvack and Ellen C. Cohen of Pillsbury Winthrop Shaw Pittman LLP appeared as attorneys for Disneyland.

At the close of Martinez's and Buchanan's presentation of their case-in chief, and the Plaintiffs having been fully heard on their evidence, pursuant to Disneyland's duly made Federal Rule of Civil Procedure Rule 52(c) motion the Court ordered judgment in favor of Disneyland and against Buchanan on her remaining claims of negligence and premises liability.

At the conclusion of the trial, the Court, having read and considered all of the parties' briefs and trial declarations in this trial, heard all of the testimony of witnesses presented at trial, reviewed and considered all of the evidence presented at the trial, considered the oral arguments of counsel, and made its specific findings of fact and conclusions of law, hereby orders judgment as follows:

1. Judgment in favor of Martinez and against Disneyland on the claim that Disneyland discriminated against Martinez on the basis of Martinez's disability during Plaintiffs' visit to Disneyland on November 27, 2009 by failing to remove architectural barriers in existing facilities when such removal is and was readily achievable, and denying Martinez full and equal access to its public facilities, in violation of Martinez's rights under Title III of the ADA and California Civil Code Sections 51 and 54, *et seq* relating to the counter in Disneyland's First Aid Station;

2. Judgment in favor of Disneyland and against Martinez on the claim that Disneyland discriminated against Martinez on the basis of Martinez's disability during Plaintiffs' visit to Disneyland on November 27, 2009 by failing to remove architectural barriers in existing facilities when such removal is and was readily achievable, and denying Martinez full and equal access to its public facilities, in

[PROPOSED] JUDGMENT
3

violation of Martinez's rights under Title III of the ADA and California Civil Code Sections 51 and 54, *et seq* relating to the presence of cots in Disneyland's First Aid Station;

3.  Judgment in favor of Disneyland and against Martinez on the claim that Disneyland discriminated against Martinez on the basis of Martinez's disability during Plaintiffs' visit to Disneyland on November 27, 2009 by failing to remove architectural barriers in existing facilities when such removal is and was readily achievable, and denying Martinez full and equal access to its public facilities, in violation of Martinez's rights under Title III of the ADA and California Civil Code Sections 51 and 54, *et seq* relating to the presence of signage on the exterior of Disneyland's First Aid Station;

4.  Judgment in favor of Disneyland and against Martinez on the claim that Disneyland discriminated against Martinez on the basis of Martinez's disability during Plaintiffs' visit to Disneyland on November 27, 2009 by failing to remove architectural barriers in existing facilities when such removal is and was readily achievable, and denying Martinez full and equal access to its public facilities, in violation of Martinez's rights under Title III of the ADA and California Civil Code Sections 51 and 54, *et seq* relating to the presence of signage in the interior of Disneyland's First Aid Station;

5.  Judgment in favor of Martinez and against Disneyland on Martinez's premises liability claim;

6.  Judgment in favor of Martinez and against Disneyland on Martinez's negligence claim;

7.  Disneyland is ordered to pay damages to Martinez in the amount of $4,000 for the premises liability and negligence claims noted in Paragraphs 5 and 6 immediately above, which amount has been reduced by 20% due to Martinez's own contributory negligence and failure to mitigate his damages; and

8. Disneyland is ordered to pay statutory damages to Martinez in the amount of $4,000 under California Civil Code Section 52 for the claim noted in Paragraph 1 immediately above relating to the counter in Disneyland's First Aid Station.

9. Plaintiffs' claims for Relief Pursuant to the California Business and Professional Code Section 17200, the California law of negligent infliction of emotional distress and for California law of strict liability against Disneyland were dismissed with prejudice pursuant to a stipulation of the parties. Plaintiffs' remaining claims against Disneyland for violation of Title III of the ADA and California Civil Code Sections 51 and 54, *et seq.* for failure to remove architectural barriers have been resolved through a stipulated settlement agreement.

IT IS SO ORDERED.

Dated: April 12, 2013  _____
HON. JAMES V. SELNA
JUDGE, UNITED STATES DISTRICT COURT

Presented by:
Mark Litvack
Counsel for Defendant